# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 12-11262

United States Court of Appeals
Fifth Circuit

**FILED**

March 31, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

ANGEL SEGURA,

Defendant-Appellant.

Appeal from the United States District Court
for the Northern District of Texas

Before STEWART, Chief Judge, and GARZA, and SOUTHWICK, Circuit Judges.

CARL E. STEWART, Chief Judge:

Defendant-Appellant Angel Segura ("Segura") appeals his sentence on the grounds that the district court's imposition of a 120-month term of incarceration was unreasonable. He also appeals the district court's imposition of a life-term of supervised release on the grounds that the district court erroneously treated his conviction for failure to register as a sex offender as a "sex offense." For the reasons explained below, we affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

In August 2012, Segura pleaded guilty to failure to register as a sex offender ("failure to register") under the Sex Offender Registration and Notification Act ("SORNA"). *See* 18 U.S.C. § 2250(a). In preparation for

No. 12-11262

Segura's sentencing, the United States Probation Office ("Probation") completed a Presentence Investigation Report ("PSR") that detailed Segura's protracted criminal history that started in 1986 and concluded with the instant offense that was committed in 2012. Segura's criminal history includes, *inter alia*, convictions for drug possession, sexual offenses against minors, illegal weapon possession, and failure to register as a sex offender.

Probation used the 2011 version of the United States Sentencing Guidelines ("U.S.S.G." or "Guidelines") to determine Segura's Guidelines range. According to Probation's calculations, Segura's total offense level was 13 with a criminal history category of IV, yielding a Guidelines range of 33 to 41 months' imprisonment followed by a term of supervised release of five years to life. The PSR recommended a life term of supervised release based upon the conclusion that failure to register is a "sex offense" pursuant to U.S.S.G. § 5D1.2(b)(2).[1]  The district court adopted the PSR without objection from either party. The district court made an upward variance from the recommended Guidelines range and sentenced Segura to 120 months' imprisonment. Further, the district court adopted the PSR's supervised release recommendation and sentenced Segura to a life-term.

## II. DISCUSSION

### A.

On appeal, Segura argues the district court's upward variance from the guidelines range of 33 to 41 months to a sentence of 10 years' imprisonment was substantively unreasonable. According to Segura, the district court failed to properly balance the 18 U.S.C. § 3553(a) sentencing factors and relied too heavily upon Segura's history of "contact offenses" and prior convictions for

---

[1] Section 5D1.2(b)(2) is a "policy statement" explaining that "[i]f the instant offense of conviction is a sex offense . . . the statutory maximum term of supervised release is recommended."

2

No. 12-11262

failure to register.  Segura claims that the district court ignored the twenty-three-year distance between the "contact offenses" and the instant offense. According to Segura, the district court's finding that Segura is a "clear and present danger" to children is not supported by the record.  Although Segura makes these very specific challenges to his sentence on appeal, he only lodged a general reasonableness objection at sentencing before the district court.

To properly preserve a challenge to the reasonableness of a sentence for appeal, a defendant is required to inform the district court of the specific grounds for the challenge.  *See United States v. Warren*, 720 F.3d 321, 332 (5th Cir. 2013).  Because Segura failed to object on the aforementioned grounds before the district court at sentencing, we review his reasonableness challenge for plain error.  *See id.*  There are four requirements that must be satisfied to justify reversal under our plain error analysis: (1) there must be an error or deviation from an established legal rule; (2) the error must be clear or obvious and not subject to reasonable dispute; (3) the error affected the defendant's substantial rights; and (4) if the first three requirements are satisfied, the court of appeals retains the discretion to correct the error and will do so only when it "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings."  *See United States v. Escalante-Reyes*, 689 F.3d 415, 419 (5th Cir. 2012) (en banc) (alteration in original) (citation omitted).

We disagree with Segura's assertion that the district court failed to properly balance the § 3553(a) factors.  During sentencing, the district court provided a sufficient explanation for why it believed a 120-month sentence was appropriate.  In addition to considering each of the § 3553(a) factors, the district court explained that it took particular note of the nature and circumstances of the instant offense and Segura's lengthy history of criminality.  Specifically, the district court noted that Segura has three prior convictions for contact sex offenses and that the instant conviction was his

No. 12-11262

third for failure to register.  These comments demonstrate that the district court engaged in a well-guided deliberative process that included balancing the § 3553(a) factors.  An upward variance is unreasonable only if it "(1) does not account for a factor that should have received significant weight, (2) gives significant weight to an irrelevant or improper factor, or (3) represents a clear error of judgment in balancing the sentencing factors." *United States v. Smith*, 440 F.3d 704, 708 (5th Cir. 2006) (citation omitted).  Though Segura disagrees with the district court's conclusion, he provides no authority that supports his assertion that the district court improperly balanced the § 3553(a) factors.  Therefore, his argument fails to satisfy the first element of our plain error analysis—that an error was committed.  Accordingly, we need not reach the remaining elements and conclude that the district court did not plainly err by sentencing Segura to 120 months' imprisonment.

**B.**

Segura also argues that the district court committed error by imposing a life term of supervised release based upon an erroneous conclusion that failure to register is a sex offense.  Segura asserts that because the Guidelines' definition of sex offense requires that the offense be perpetrated against a minor, failure to register cannot be a sex offense. The government agrees and concedes that an error was committed on this issue.  Nevertheless, because Segura failed to present this argument to the district court, we are bound to review the district court's decision only for plain error.  *See Warren*, 720 F.3d at 332.

18 U.S.C. § 3583 sets forth general standards for imposing terms of supervised release as part of a defendant's sentence.  The statutory penalties for violating § 2250(a)—Segura's offense of conviction—include a term of supervised release of five years to life.  *See* 18 U.S.C. § 3583(k).  In addition to the statutory sentencing scheme, the Guidelines provide recommendations for

4

imposing supervised release as part of a defendant's sentence. *See* U.S.S.G. § 5D1.2. Section 5D1.2(b)(2) is a policy statement recommending that sentencing courts impose the statutory maximum term of supervised release if the offense of conviction is a sex offense. The commentary to § 5D1.2 states that a "sex offense," for the purposes of that Guideline, is an offense perpetrated against a minor under, *inter alia*, 18 U.S.C. Chapter 109B. U.S.S.G. § 5D1.2 cmt. n.1. The only offense listed in Chapter 109B is failure to register under 18 U.S.C. § 2250—Segura's offense of conviction. As a result of the interplay between 18 U.S.C. § 3583 and U.S.S.G. § 5D1.2, the district court concluded that failure to register qualifies as a sex offense.

As the parties noted in their briefs and at oral argument, this court previously commented on the implications of the commentary to § 5D1.2. *United States v. Tang*, 718 F.3d 476, 483 n.3 (5th Cir. 2013). In *Tang*, a panel of this court stated in a footnote that under § 5D1.2 cmt. n.1, "failure to register qualifies as a sex offense." *Id.* The government argues that the footnote in *Tang* has precedential value while Segura argues that it constitutes *orbiter dictum*.[2] "It is well-established in this circuit that one panel of this Court may not overrule another." *Cent. Pines Land Co. v. United States*, 274 F.3d 881, 893 (5th Cir. 2001) (citation omitted). Three-judge panels "abide by a prior Fifth Circuit decision until the decision is overruled, expressly or implicitly, by either the United States Supreme Court or by the Fifth Circuit sitting en banc." *Id.* (citing *United States v. Kirk*, 528 F.2d 1057, 1063 (5th Cir. 1976)). The binding force of a prior-panel decision applies "not only [to] the result but also [to] those portions of the opinion necessary to that result." *Gochicoa v. Johnson*, 238 F.3d 278, 286 n.11 (5th Cir. 2000) (quoting *Seminole Tribe v.*

---

[2] These arguments have more direct implications on our plain error analysis *infra*. We discuss *Tang* in this section to explain why it does not guide our analysis with respect to whether failure to register qualifies as a sex offense.

*Florida*, 517 U.S. 44, 67 (1996)).  Nevertheless, the "binding force of earlier opinions [does not extend] to *orbiter dictum*." *Rios v. City of Del Rio, Tex.*, 444 F.3d 417, 425 n.8 (5th Cir. 2006) (citing *In Re Hearn,* 376 F.3d 447, 453 & n.5 (5th Cir. 2004)).

> A statement is dictum if it could have been deleted without seriously impairing the analytical foundations of the holding and being peripheral, may not have received the full and careful consideration of the court that uttered it. A statement is not dictum if it is necessary to the result or constitutes an explication of the governing rules of law.

*Int'l Truck & Engine Corp. v. Bray*, 372 F.3d 717, 721 (5th Cir. 2004) (citation and internal quotation marks omitted).  If a statement is dictum, "[w]e are free to disregard [it] from prior panel opinions when we find it unpersuasive." *United States v. Lipscomb*, 619 F.3d 474, 481 n.5 (5th Cir. 2010) (King, J., concurring) (citing *United States v. Gieger*, 190 F.3d 661, 665 (5th Cir. 1999)).

The *Tang* panel considered whether conditions attached to terms of supervised release were reasonably related to the nature of the underlying offense—failure to register.  *Tang*, 718 F.3d at 482–83.  Tang's primary argument was that a ban on internet use without prior approval from probation services was inappropriate, as he never used the internet in the commission of a crime.  *Id.* at 483.  The panel agreed, holding that, "the ban d[id] not relate to the nature and circumstances of Tang's offense; [t]here, the failure to register as a sex offender."  *Id.* at 484 (citations and internal quotation marks omitted).  The panel's central focus in *Tang* was whether an Internet ban is reasonably related to failure to register as a sex offender.  The panel did not meaningfully consider whether failure to register qualifies as a sex offense.  Moreover, whether a conviction for failure to register constitutes a sex offense was not "necessary to the result" reached in *Tang.  See Int'l Truck & Engine Corp.*, 372 F.3d at 721.  The panel would have arrived at the same

conclusion without the passing observation it made in footnote 3. In other words, the footnote "could have been deleted without seriously impairing the analytical foundations of the holding. . . ." *See id.*

Therefore, we hold that footnote 3 in *Tang* is dictum and does not bind the court under the prior-panel rule. Accordingly, we are free to examine the question of whether failure to register qualifies as a sex offense without regard to the statement in the *Tang* opinion. For the reasons explained below, we hold that failure to register does not qualify as a sex offense for the purposes of § 5D1.2(b)(2).

The Seventh Circuit's reasoning in *United States v. Goodwin* is instructive. 717 F.3d 511, 517–20 (7th Cir. 2013).[3] In that case, the defendant, like Segura, pleaded guilty to failure to register and the district court sentenced him to a life-term of supervised release. *Id.* at 514. On appeal, Goodwin argued, *inter alia*, that the district court miscalculated the advisory Guidelines range for his term of supervised release, and thereby committed plain error. *Id.* at 516. More specifically, Goodwin posited that

> U.S.S.G. § 5D1.2(b)(2) is inapplicable to his offense, that the [PSR] erroneously relied on this Guideline in recommending a life term of supervised release, and that the district court's sentencing him to a life term of supervised release under the incorrect assumption that this sentence was within the advisory Guidelines constitutes plain error.

*Id.* at 518. The Seventh Circuit agreed with Goodwin. In reaching its conclusion, the Seventh Circuit first considered whether failure to register should be classified as a sex offense. *Id.* at 518–19. The court disagreed with the Application Note's apparent suggestion that any failure to register under

---

[3] We adopt the Seventh Circuit's reasoning only to the extent that it concluded that an error was committed. Unlike the Seventh Circuit and for reasons explained *infra*, we do not conclude that the error committed in this case was plain.

SORNA could be considered an offense perpetrated against a minor.[4] *See id* at 519. The court noted that "[i]n Goodwin's case, there was no specific victim of his failure to register" and accordingly, "it seems incorrect to claim that Goodwin committed his failure to register 'against a minor.'" *Id.* The court explained that applying the term "'perpetrated against a minor' to *any* failure to register stretches this term past its breaking point.'" *Id.* We agree. In Segura's case, there was no specific victim attributed to his failure to register. Therefore, the crime was not perpetrated against a minor and should not qualify as a sex offense.

## C.

Having concluded that the district court erred in finding that failure to register is a sex offense, we now discuss whether that error was plain—that is, whether the error was clear or obvious. To determine whether the district court's error was plain, we examine the state of the law at the time of appeal. *Escalante-Reyes*, 689 F.3d at 423 (holding that "where the law is unsettled at the time of trial but settled by the time of appeal, the 'plainness' of the error should be judged by the law at the time of appeal"). Segura filed his initial brief in this appeal on June 20, 2013. At that point, we had not addressed whether failure to register qualifies as a sex offense under § 5D1.2. However, *Tang* stated that failure to register qualifies as a sex offense. Because the statement in *Tang* was mere dictum, parties could reasonably dispute whether failure to register qualifies as a sex offense. *See United States v. Rodriguez-*

---

[4] The Application Note defines a "sex offense" as "an offense, perpetrated against a minor, under . . . (ii) Chapter 109B of [Title 18, United States Code]." The only offense listed in Chapter 109B is failure to register. Therefore, the Application Note suggests that failure to register can be perpetrated against a minor.

*Parra*, 581 F.3d 227, 231 (5th Cir. 2009) (explaining that an error that is subject to reasonable dispute is not clear or obvious).

Moreover, several Fifth Circuit cases declined to reach this issue and, until now, the question remained unresolved. *See United States v. Cuneo*, No. 12-60537, 2014 WL 545435, at *2 (5th Cir. Feb. 12, 2014) (per curiam) (unpublished) (explaining that no Fifth Circuit case "resolved the question of whether failure to register is a 'sex offense,' but rather, they determined that 'treating failure to register as a sex offense is not plain error'" (citation omitted)); *see also United States v. Byrd*, No. 12-60659, 2013 WL 6510891 (5th Cir. Dec. 13, 2013); *United States v. Nelson*, No. 12-60894, 2013 WL 5881246, at *1 (5th Cir. Nov. 4, 2013) (per curiam) (unpublished); *United States v. Kroft*, 535 F. App'x 422, 423 (5th Cir. 2013) (per curiam) (unpublished). Segura cites no Fifth Circuit authority that would make the district court's error clear or obvious. Therefore, he fails to satisfy the second prong of our clear error analysis.

Alternatively, even if the error was clear or obvious, Segura failed to demonstrate that it affected his substantial rights. "In the sentencing context, [this] requires that the defendant demonstrate a 'reasonable probability' that, but for the district court's error, he would have received a lesser sentence." *United States v. Culbertson,* 712 F.3d 235, 243 (5th Cir. 2013) (citing *United States v. Dickson*, 632 F.3d 186, 191 (5th Cir. 2011)). Here, the correct Guidelines recommendation for supervised release is five years. The district court calculated a Guidelines range of five years to life, with life recommended. The only references to the PSR's recommendation are the district court's initial comment that both parties adopted the PSR without objection, and that the court adopted "the analysis made under the sentencing guidelines." When discussing its decision to impose a life term of supervised release, the district

court specifically stated: "I believe this is necessary to see that the defendant does assimilate himself back into society, that he obtains suitable employment, and that he maintains a law-abiding lifestyle." The district court was well aware of Segura's extensive criminal history beginning in 1989 and inclusive of three sexual offense convictions against very young male and female children, plus an assortment of other convictions ending with the instant 2012 conviction for failure to register as a sex offender. The district court's decision was based upon an assessment—independent of the PSR's erroneous recommendation—that Segura required lifetime supervision. In light of these considerations, we conclude that Segura has not meet his burden of demonstrating a reasonable probability that the sentence would have been different but for the erroneous recommendation. Accordingly, we conclude that the district court did not commit plain error by sentencing Segura to a life-term of supervised release.

**D.**

Finally, we note that even if we were to conclude that the district court committed plain error—which we do not—this is a not a case that merits the exercise of our discretion to reverse the district court's ruling. We may exercise our discretion to reverse under plain error review only where "the error seriously affect[s] the fairness, integrity, or public reputation of judicial proceedings." *Escalante-Reyes*, 689 F.3d at 419 (alteration in original) (citation and internal quotation marks omitted). The types of errors that warrant reversal are ones that "would shock the conscience of the common man, serve as a powerful indictment against our system of justice, or seriously call into question the competence or integrity of the district judge." *Id.* at 435. Mr. Segura has, on multiple occasions, failed to comply with the courts' orders that he register as a sex offender. As mentioned previously, he has also been

convicted of numerous other offenses throughout his twenty-three-year criminal history.     The protracted nature of his criminality and the circumstances surrounding the instant conviction do not persuade us to conclude that the district court's decision seriously affects the fairness, integrity, or public reputation of judicial proceeds.  As a result, we would not exercise our discretion to reverse even if the district court's error was plain.

For the foregoing reasons, we hold that the district court erred in finding that failure to register is a sex offense for the purposes of § 5D1.2(b)(2). However, we conclude that the error was not plain and reversal is not warranted.  Accordingly, we affirm.