[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-15000
Non-Argument Calendar
_____

D.C. Docket No. 1:13-cr-00063-WS-B-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

FRANKLIN MOSLEY,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Southern District of Alabama
_____

(July 25, 2014)

Before HULL, MARCUS and WILSON, Circuit Judges.

PER CURIAM:

Franklin Mosley appeals his lifetime term of supervised release, imposed after pleading guilty to one count of failure to register as a sex offender, in violation of 18 U.S.C. § 2250(a).  On appeal, Mosley argues that the imposed lifetime term of supervised release is procedurally unreasonable because the district court incorrectly calculated the applicable Guidelines range and failed to adequately explain the sentence imposed.  He also argues that his life term of supervised release is substantively unreasonable.  After review, we find that both claims lack merit and affirm.

## I.    Procedural Reasonableness

Mosley argues that the court procedurally erred (1) in adopting the presentence investigation report's (PSI) Guidelines calculation of a term of supervised release ranging from five years to life, and (2) by failing to make findings in support of the life term of supervised release.  A district court commits a procedural error if it improperly calculates the Guidelines range, treats the Guidelines as mandatory, fails to consider the relevant § 3553(a) factors, chooses a sentence based on clearly erroneous facts, or fails to explain the given sentence. *United States v. Pugh*, 515 F.3d 1179, 1190 (11th Cir. 2008).

Mosley challenges the procedural reasonableness of his sentence for the first time on appeal.  Accordingly, our review of that issue is for plain error only. *United States v. Zinn*, 321 F.3d 1084, 1087 (11th Cir. 2003).  Under plain error

2

review, we reverse only if we find (1) an error, (2) that is plain, (3) that affects the defendant's substantial rights, and (4) seriously affects the fairness or integrity of the judicial proceedings. *United States v. Rodriguez*, 398 F.3d 1291, 1298 (11th Cir. 2005). The third prong of the analysis requires the defendant to show a "reasonable probability" that the error affected the outcome of the proceedings below. *Id.* at 1299.

Mosley cannot show that the court plainly erred in calculating his supervised release term. Mosley argues that U.S.S.G. § 5D1.2(b)(2) is inapplicable to him because it prescribes a lifetime term of supervised release for a "sex offense," which is defined as an offense "perpetrated against a minor." Relying on a recent Seventh Circuit decision, Mosley argues that his registration offense does not fit that definition, and so the court plainly erred by incorrectly calculating his applicable Guidelines range. *See United States v. Goodwin*, 717 F.3d 511, 517–21 (7th Cir.), *cert. denied,* 131 S. Ct. 334 (2013).

Even assuming the district court did err in calculating Mosely's Guidelines range for his supervised release term, Mosley cannot show that the error was plain. There is no controlling precedent from the Supreme Court or this court on point. *United States v. Ramirez-Flores*, 743 F.3d 816, 822 (11th Cir. 2014) ("An error is 'plain' if controlling precedent from the Supreme Court or the Eleventh Circuit establishes that an error has occurred.").

Moreover, Mosley has proffered no evidence indicating that his sentence would have been different if not for the district court's alleged error.  The district court here discussed Mosley's "absolutely horrible" arrest record that stretched back for years: battery, forgery, harassment, domestic violence, driving while intoxicated, destruction or property, arson, receiving stolen property, burglary, theft, and eluding police officers.  The court also referenced pending charges and warrants against Mosely in Alabama, Minnesota, Oklahoma, and Louisiana, and Mosley's failure to register as a sex offender in three states.  It did not mention the Guideline calculations other than to state that, absent objections, it was adopting them as accurate.  Moreover, 18 U.S.C. § 3583(k) authorizes a lifetime term of supervised release for § 2250 violations.  Under these facts, Mosley cannot show a "reasonable probability" that, but for the alleged error, his sentence would have been different, thus he fails to meet his burden of demonstrating plain error.  *See United States v. Segura*, 747 F.3d 323, 330–31 (5th Cir. 2014) (explaining that error did not affect substantial rights where district court's only reference to the guidelines recommendation was to adopt them and court stated that lifetime term of supervised release was necessary for defendant to assimilate back into society).

When reviewing the reasonableness of a sentence, we apply an abuse of discretion standard.  *Gall v. United States*, 552 U.S. 38, 51, 128 S. Ct. 586, 597 (2007); *see also Zinn*, 321 F.3d at 1087 (holding that supervised release sentences

4

are normally reviewed for abuse of discretion).  As to Mosely's second procedural reasonableness argument, the district court provided an adequate explanation of the sentence imposed.  It spoke at length about Mosley's criminal history, noting his four outstanding warrants, and appeared to balance the relatively mild nature of the crimes with the overwhelming amount of them.   The court also stated that it was taking into account Mosley's personal history and characteristics, the nature of the offense, and his criminal history in crafting the sentence.  The court is not required to discuss each of the § 3553(a) factors or even to state on the record that it explicitly considered each of the factors.  *United States v. Scott*, 426 F.3d 1324, 1329 (11th Cir. 2005).  An explanation is sufficient if the judge sets forth enough to show that he considered the parties' arguments and has a reasoned basis for the sentence imposed.  *See Rita v. United States*, 551 U.S. 338, 356, 127 S. Ct. 2456, 2468 (2007).   The district court here met these requirements and presented an adequate explanation that it had considered the § 3553(a) factors and, in particular, had considered Mosley's lengthy criminal history.  Therefore, the district court did not abuse its discretion, and the sentence was procedurally reasonable.

## II.  Substantive Reasonableness

After considering procedural error, an appellate court then reviews a sentence for substantive error under a deferential abuse of discretion standard, taking into account the "totality of the circumstances."  *Id.* at 51, 128 S. Ct. at 597.

"We may set aside a sentence only if we determine, after giving a full measure of deference to the sentencing judge, that the sentence imposed truly is unreasonable." *United States v. Irey*, 612 F.3d 1160, 1191 (11th Cir. 2010) (en banc). The party challenging the sentence has the burden of establishing that the sentence is unreasonable, in light of the record and the § 3553(a) factors. *United States v. Victor*, 719 F.3d 1288, 1291 (11th Cir. 2013).

A sentence is substantively unreasonable if it fails to carry out the purposes of sentencing stated in 18 U.S.C. § 3553(a). *Pugh*, 515 F.3d at 1191. The district court must impose a sentence "sufficient, but not greater than necessary, to comply with the purposes" listed in 18 U.S.C. § 3553(a), including the need to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, deter criminal conduct, and protect the public from the defendant's future criminal conduct. *See* 18 U.S.C. § 3553(a)(2). In imposing a particular sentence, the court must also consider the nature and circumstances of the offense, the history and characteristics of the defendant, the kinds of sentences available, the applicable Guidelines Range, the pertinent policy statements of the Sentencing Commission, the need to avoid unwarranted sentencing disparities, and the need to provide restitution to victims. *Id.* § 3553(a)(1), (3)–(7). The weight to be accorded any given factor is within the discretion of the district court. *United States v. Amedeo*, 487 F.3d 823, 832 (11th Cir. 2007).

Here, Mosley's sentence was substantively reasonable under the totality of the circumstances. Although the court admitted that the underlying offense was "not on the worst end of the spectrum" for sexual offenses, it also took into account Mosley's two decades of criminal history, including failures to register as a sex offender in Alabama, Louisiana, and Nevada. The court also explicitly stated that it was taking certain § 3553(a) factors into account, namely, Mosley's personal history and characteristics, the nature of the offense, and his criminal history, in crafting the sentence. While Mosley's arguments regarding the uniformity of his sentence may be taken into account as a § 3553(a) factor under the totality of the circumstances, *see Pugh*, 515 F.3d at 1191, the record here nevertheless reflects that the court looked to the circumstances surrounding this offense and this defendant when imposing sentence. If the court appeared to weigh Mosley's criminal history heavily in its analysis, this was not reversible error as the weight the court accords any single factor is left to its discretion. *Amedeo*, 487 F.3d at 832. Accordingly, the district court did not abuse its discretion because Mosley's sentence was substantively reasonable in light of the totality of the circumstances and the § 3553(a) factors. Mosley's sentence is affirmed.

**AFFIRMED.**