# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-11300
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

September 30, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

RUDY AYALA,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:13-CR-83-1

Before JONES, BENAVIDES, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Rudy Ayala appeals his guilty plea conviction of possession of counterfeit postal keys and the 120-month, above-guidelines sentence imposed by the district court. He argues that the district court improperly participated in the plea negotiations and that his sentence is procedurally and substantively unreasonable.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-11300

Ayala did not raise his claims below.  Consequently, we review his claims for plain error.  *See Puckett v. United States*, 556 U.S. 129, 135 (2009).

The district court did not engage in plea negotiations when it rejected Ayala's initial plea agreement; rather, it properly stated its reasons for rejecting the plea.  *See United States v. Hemphill*, 748 F.3d 666, 672-73 (5th Cir. 2014).  Because the district court did not interfere in plea negotiations or specify an acceptable plea agreement, it did not violate Federal Rule of Criminal Procedure 11(c)(1).  *See United States v. Smith*, 417 F.3d 483, 488 (5th Cir. 2005).

The record reflects that the district court properly considered the sentencing factors set forth at 18 U.S.C. § 3553(a) in imposing a sentence outside of the guidelines range.  *See United States v. Brantley*, 537 F.3d 347, 349-50 (5th Cir. 2008).  The district court explained that the sentence was necessary because Ayala was a danger to society due to his extensive criminal history, which was substantially underrepresented by the guidelines range.  Thus, the district court's reasons for the sentence were fact-specific and consistent with the § 3553(a) factors.  *See United States v. Smith*, 440 F.3d 704, 707 (5th Cir. 2006).

The extent of the departure, while substantial, does not constitute error.  This court has upheld variances of similar magnitude.  *See United States v. Segura*, 747 F.3d 323, 326-27 (5th Cir. 2014); *Smith*, 417 F.3d at 491-93.

Ayala has shown no error, plain or otherwise, by the district court.  Accordingly, the judgment is AFFIRMED.