# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

October 9, 2015

Lyle W. Cayce
Clerk

No. 15-10038
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ISMAEL MARTINEZ-MATA,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:14-CR-186

Before JOLLY, PRADO, and ELROD, Circuit Judges.

PER CURIAM:*

Ismael Martinez-Mata (Martinez) appeals his 40-month, above-guidelines sentence of imprisonment and his three-year term of supervised release imposed following his guilty plea to being found unlawfully present in the United States following deportation. Martinez argues that the 40-month term of imprisonment is substantively unreasonable because the district court imposed a variance that was almost twice the top of the guidelines range.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-10038

Because Martinez failed to raise this objection in the district court, review is for plain error. *See United States v. Segura*, 747 F.3d 323, 327 (5th Cir. 2014). The district court considered all the relevant 18 U.S.C. § 3553(a) factors and gave specific reasons for the upward variance. Martinez has not demonstrated that the district court considered any improper factors in imposing a non-Guidelines sentence. *See United States v. Smith*, 440 F.3d 704, 708 (5th Cir. 2006). Further, the court has upheld much greater upward variances. *See United States v. Key,* 599 F.3d 469, 475-76 (5th Cir. 2010); *United States v. Brantley,* 537 F.3d 347, 348-50 (5th Cir. 2008).

Martinez also argues that the district court procedurally erred in imposing a three-year term of supervised release based on its improper consideration of the factors in § 3553(a)(2) and in imposing the term contrary to U.S.S.G. § 5D1.1(c). Because Martinez did not raise these arguments in the district court, these claims are subject to plain error review. *See United States v. Dominguez-Alvarado*, 695 F.3d 324, 328 (5th Cir. 2012).

The district court expressly stated that in imposing the term of supervised release, it was providing "an added measure of deterrence and protection based on the facts and circumstances of the case," an appropriate factor to be considered. Because the district court primarily relied on permissible § 3553(a) factors in imposing the term of supervised release, no clear or obvious error occurred. *See Dominguez-Alvarado*, 695 F.3d at 328.

The three-year term of supervised release was within the permissible statutory and guidelines range. *See* 18 U.S.C. § 3583(a), (b)(2), § 3559(a)(3); U.S.S.G. § 5D1.2(a)(2). Martinez has failed to point out any factors that rebut the presumption of reasonableness that attaches to the guideline term of supervised release. *See United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009). Thus, he has failed to show that the district court abused its discretion

No. 15-10038

in imposing the term of supervised release.  *See Gall v. United States*, 552 U.S. 38, 51 (2007).

The sentence is AFFIRMED.