# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

————

No. 16-50555
Summary Calendar

————

United States Court of Appeals
Fifth Circuit

**FILED**

April 14, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ADAM PATRICK DYER, also known as Adam P. Dyer,

Defendant-Appellant

————

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:15-CR-759-1

————

Before JOLLY, SMITH, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Adam Patrick Dyer pleaded guilty to failure to register as a sex offender. He appeals his sentence with respect to the imposition of ten special conditions of supervised release that were not orally pronounced at sentencing, but were included as special conditions in the written judgment. He seeks to have his sentence vacated in part and remanded to the district court for modification of the written judgment by removing the ten special conditions of supervised

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-50555

release not announced at sentencing. Dyer argues that the ten special conditions are not mandatory, standard, or recommended by the Guidelines and, therefore, the judgment must be modified to delete the special conditions. The Government argues that three of the conditions, the requirement of sex offender treatment, submission to polygraph testing, and submission to searches of person and property by law enforcement and the probation officer, having reasonable suspicion of a violation or unlawful activity, are included in the Standing Order of the Western District of Texas (Standing Order)[1] and, thus, Dyer had notice of these special conditions.

Because the special conditions were not pronounced at sentencing, Dyer had no opportunity to object to them and, thus, the alleged errors are reviewed for an abuse of discretion. *United States v. Bigelow*, 462 F.3d 378, 381 (5th Cir. 2006).

Because a defendant has a constitutional right to be present at sentencing, if there is a conflict between the oral pronouncement and the written judgment, it is the oral pronouncement that will control. *United States v. Martinez*, 250 F.3d 941, 942 (5th Cir. 2001). There is no conflict if the written judgment includes conditions not orally pronounced if the conditions are mandatory or standard. *United States v. Torres-Aguilar*, 352 F.3d 934, 938 (5th Cir. 2003). A condition of supervised release recommended in the Guidelines may be treated as a standard condition if the defendant meets the specific requirements stated in the Guidelines. *Id.* at 937-38. The special conditions may also be contained in a standing order of the district court. *United States v. Vega*, 332 F.3d 849, 853-54 (5th Cir. 2003).

---

[1] http://www.txwp.uscourts.gov/USPO/Supervision%20Documents/Order%20-%20Conditions%20of%20Probation%20and%20SR%202011.pdf.

No. 16-50555

The condition that Dyer must reside in a residence approved, in advance, by the probation officer is listed in U.S.S.G. § 5D1.3(c)(5) and, thus, may be treated as a standard condition. *See Torres-Aguilar*, 352 F.3d at 937-38.

Although the condition of having sex offender treatment, that includes submission to polygraph testing, is a condition included in the Standing Order, the condition is not a mandatory or standard condition. The failure to register is not categorized as a sex offense in the Guidelines. *See* U.S.S.G. § 5D1.2, comment. (n.1); *United States v. Segura*, 747 F.3d 323, 329-30 (5th Cir. 2014). The determination whether to impose the condition is subjective, and the district court must show the condition is reasonably related to the factors in 18 U.S.C. § 3583(d). *See Bigelow*, 462 F.3d at 380. In the absence of specific notice at the sentencing, Dyer was denied his constitutional right to be "present" to comment on or object to the proposed special condition. *Bigelow*, 462 F.3d at 381; *Vega*, 332 F.3d at 852. Thus, the judgment must be modified to delete the sex offender treatment condition, which included polygraph testing.

For those same reasons, the stand-alone polygraph condition and the search condition contained in the written judgment were in direct conflict with the oral pronouncement and should be deleted from the judgment. *Bigelow*, 462 F.3d at 381. Further, the search condition in the Standing Order expressly provides that the condition must be imposed by the judge at the time of sentencing. Thus, it does not fall within the definition of the special condition in the Standing Order.

Other than condition five related to residence approval, the remaining six special conditions in the written judgment are not listed as mandatory or standard conditions in § 3583(d), § 5D1.3, or the district court's standing order. Thus, the inclusion of these conditions raises a direct conflict with the oral

pronouncement and, therefore, the judgment should be modified to delete those special conditions. *Bigelow*, 462 F.3d at 381.

Dyer's conviction is AFFIRMED. Except with respect to special condition five addressing advance residential approval by the probation officer, the judgment is VACATED insofar as the special conditions contained in the written judgment are in conflict with the oral pronouncement, and the case is REMANDED to the district court to conform the written judgment to the oral pronouncement made at sentencing. *See Bigelow,* 462 F.3d at 384.