# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

————

No. 16-51394
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

August 2, 2017

Lyle W. Cayce
Clerk

————

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

MIGUEL ANGEL JAIMES-JURADO,

Defendant-Appellant

————

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:00-CR-37-1

————

Before HIGGINBOTHAM, PRADO, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Miguel Angel Jaimes-Jurado appeals his life term of supervised release imposed following the revocation of his term of supervised release arising from his 2000 guilty plea conviction for possession with the intent to distribute cocaine. He argues that the revocation sentence—and specifically the life term of supervised release imposed by the district court—was procedurally unreasonable because the district court did not provide a sufficient reason for

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

it.  He also argues that the life term of supervised release is substantively unreasonable because his original term of supervised release was only three years.

Jaimes-Jurado did not specifically object at sentencing to the district court's failure to provide adequate reasons for imposing the life term of supervised release or to the substantive unreasonableness of the district court's imposition of the life term of supervised release.  Thus, review of his claims is for plain error only, requiring a showing of an error that is clear or obvious and affects his substantial rights.  *United States v. Whitelaw*, 580 F.3d 256, 259-60 (5th Cir. 2009).

The district court may impose any sentence that falls within the appropriate statutory maximum term of imprisonment allowed for the revocation sentence.  18 U.S.C. § 3583(e)(3).  However, the court is directed to consider the 18 U.S.C. § 3553(a) factors, including the nonbinding policy statements found in Chapter Seven of the Guidelines.  *United States v. Mathena*, 23 F.3d 87, 90-93 (5th Cir. 1994).  In the context of evaluating the adequacy of the district court's explanation of a revocation sentence, we have noted that review of a revocation sentence is "generally more deferential than [this court's] review of original sentences," *United States v. Hernandez-Herrera*, 429 F. App'x 382, 389 (5th Cir. 2011), and that it suffices to show that the district court implicitly considered the applicable sentencing factors, *United States v. Teran*, 98 F.3d 831, 836 (5th Cir. 1996).

In this case, although the district court did not explain its choice of sentence or explicitly discuss the § 3553 factors, its statements at the revocation hearing establish that it implicitly considered those factors, especially Jaimes-Jurado's history and characteristics and the need for deterrence and to protect the public.  *See Teran,* 98 F.3d at 836 ("Implicit

consideration of the § 3553 factors is sufficient."). The district court's statements were more than sufficient to allow us to review the district court's justification for the sentence and to assess its reasonableness. *See Whitelaw*, 580 F.3d at 264-65. Jaimes-Jurado has not demonstrated a procedural error by the district court that constitutes clear or obvious error that affected his substantial rights. *Id.* at 259-60.

As to Jaimes-Jurado's challenge to the substantive reasonableness of the sentence imposed on the ground that it exceeds the three-year term of supervised release originally imposed, Jaimes-Jurado's life term of supervised release was not imposed as punishment for his 2000 possession conviction. Instead, it was imposed in response to his violations of the terms of his supervised release and after consideration of the appropriate §3553(a) factors. *United States v. Miller*, 634 F.3d 841, 843 (5th Cir. 2011); *see also, e.g., United States v. Hall*, 575 F. App'x 328, 330 (5th Cir. 2014). Further, we have "routinely upheld revocation sentences exceeding the recommended range, even where the sentence is the statutory maximum." *United States v. Castaneda-Estupinan*, 503 F. App'x 275, 276-77 (5th Cir. 2012); *see also United States v. Segura*, 747 F.3d 323, 331 (5th Cir. 2014); *United States v. Jones*, 484 F.3d 783, 792 (5th Cir. 2007). As discussed above, the district court implicitly considered the relevant sentencing factors. *See United States v. Smith*, 440 F.3d 704, 707 (5th Cir. 2006). Jaimes-Jurado does not argue that the district court erred in balancing the sentencing factors, gave insufficient weight to any factor, or relied on an improper factor. *See United States v. Warren*, 720 F.3d 321, 332 (5th Cir. 2013). But, even if he did and we were convinced here that a "different sentence was appropriate," such a determination would be "insufficient to justify a reversal of the district court." *Id.* (internal quotation marks and citation omitted).

No. 16-51394

Finally, Jaimes-Jurado's argument that the district court committed error by stating that it was "going to re-impose" a life term of supervised release when the original term was three years finds no support in the record. Not only did the same district court judge originally sentence Jaimes-Jurado to the three-year term of supervised release, but the record makes clear that Jaimes-Jurado was serving a three-year term when the district court revoked it. To the extent the district court committed error, it is not clear or obvious. *See Whitelaw*, 580 F.3d at 260.

Based on the foregoing, Jaimes-Jurado has failed to demonstrate clear or obvious error. The sentence is AFFIRMED.