# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-41575
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

October 2, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

CARLOS BARBOSA,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:16-CR-363-9

Before STEWART, Chief Judge, and ELROD and HIGGINSON, Circuit Judges.

PER CURIAM:*

Carlos Barbosa pleaded guilty to a single count of conspiracy to transport aliens within the United States. He was sentenced to 12 months and one day of imprisonment.

In his only issue on appeal, Barbosa argues that he should have received a mitigating role reduction under U.S.S.G. § 3B1.2. Because he did not raise

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

this issue or object on this basis in the district court, review is limited to plain error. The determination whether a defendant was a minimal or minor participant is a factual issue. *United States v. Gomez-Valle,* 828 F.3d 324, 327 (5th Cir. 2016). Barbosa fails to show that the court plainly erred in failing to award a reduction under § 3B1.2.

We take this opportunity also to address the Government's position on the fourth prong of plain error review. Relying on *United States v. Segura*, 747 F.3d 323, 331 (5th Cir. 2014), the Government argues that we should not exercise our discretion to remedy any plain error unless the error "shock[s] the conscience of the common man, serve[s] as a powerful indictment against our system of justice, or seriously call[s] into question the competence or integrity of the district judge." But this standard originated from the dissenting opinion in *United States v. Escalante–Reyes*, 689 F.3d 415 (5th Cir. 2012) (en banc), and was specifically proposed as an alternative to the "far more permissive" standard our court typically applies. *Id.* at 431, 435 (Smith, J., dissenting). Because our rule of orderliness precludes a panel from overruling an earlier opinion of our en banc court absent an intervening change in statutory law or Supreme Court precedent, the proposed shock-the-conscience standard is inapplicable.

The judgment of the district court is AFFIRMED.