# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-41682
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
October 4, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ADRIAN EFRAIN ONTIVEROS-CEDILLO,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:16-CR-1288-1

Before KING, ELROD, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Adrian Efrain Ontiveros-Cedillo appeals his 24-month sentence imposed following his guilty plea conviction for being found unlawfully present in the United States following deportation. He argues that 18 U.S.C. § 16(b) is unconstitutionally vague and, therefore, his prior Texas felony conviction for family-violence assault should not have been categorized as a crime of violence making it an aggravated felony under U.S.S.G. § 2L1.2(b)(1)(C) (2015).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-41682

Ontiveros-Cedillo concedes that this argument is currently foreclosed by *United States v. Gonzalez-Longoria,* 831 F.3d 670 (5th Cir. 2016) (en banc), *petition for cert. filed,* No. 16-6259 (U.S. Sept 29, 2016).  He preserves this issue for further possible review.  We decline Ontiveros-Cedillo's suggestion that we stay this matter pending a decision in *Lynch v. Dimaya,* 137 S. Ct. 31 (2016). *See United States v. Lipscomb,* 299 F.3d 303, 313 & n.34 (5th Cir. 2002).

Alternatively, Ontiveros-Cedillo contends that the district court plainly erred by characterizing his prior family-violence assault offense as a crime of violence because the offense, by its nature, does not involve a substantial risk that violent physical force may be used in committing the offense.  He contends that, under the categorical approach, the Texas offense of family violence assault is plainly not "by its nature" a § 16(b) crime of violence.

Given our conclusion in *Gonzalez-Longoria,* 831 F.3d at 678, that this same offense is of the type that always entails a substantial risk that physical force will be used, any error cannot be clear or obvious.  *See Puckett v. United States,* 556 U.S. 129, 135 (2009).  Although we reached that conclusion in the context of assessing whether § 16(b) was vague as applied, it was necessary to determining the vagueness issue.  *See United States v. Segura*, 747 F.3d 323, 328 (5th Cir. 2014).

AFFIRMED.