# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-20781
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

October 31, 2018

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

CHERYL WALLER,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:14-CR-171-11

Before KING, SOUTHWICK, and ENGELHARDT, Circuit Judges.

PER CURIAM:[*]

A grand jury charged Cheryl Waller with one count of conspiracy to defraud the United States and to pay and receive kickbacks, in violation of 18 U.S.C. § 371, and one count of payment and receipt of healthcare kickbacks, in violation of 18 U.S.C. § 2 and 42 U.S.C. § 1320a-7b(b)(1), (b)(2), the "anti-kickback statute." On appeal, Waller contends that the district court's jury instructions were erroneous because they failed to state that (1) specific intent

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

to defraud and materiality are elements of the anti-kickback statute, and (2) the Government was required to prove specific intent to defraud with respect to the conspiracy charge.

Waller correctly concedes that because she did not object to the instructions as written, plain-error review applies. *See United States v. Willis*, 38 F.3d 170, 179 (5th Cir. 1994). On plain-error review, a defendant must show (1) a forfeited error; (2) that is clear or obvious; and (3) that affected her substantial rights, which in the ordinary case means that it affected the outcome of the proceedings. *See Puckett v. United States*, 556 U.S. 129, 135 (2009). If those three prongs are satisfied, this court can, in its discretion, remedy the error if it "seriously affects the fairness, integrity or public reputation of judicial proceedings." *Id.* (alterations omitted) (quoting *United States v. Olano*, 507 U.S. 725, 736 (1993)). An error in a jury instruction "is plain only when, considering the entire charge and evidence presented against the defendant, there is a likelihood of a grave miscarriage of justice" or "it could have meant the difference between acquittal and conviction." *United States v. McClatchy*, 249 F.3d 348, 357 (5th Cir. 2001) (alterations and citations omitted) (quoting *United States v. Sellers*, 926 F.2d 410, 417 (5th Cir. 1991) and *United States v. Anderson*, 987 F.2d 251, 256 (5th Cir. 1993)).

To be plain, an error must be clear under current law at the time of appeal. *United States v. Escalante-Reyes*, 689 F.3d 415, 420 (5th Cir. 2012) (en banc). "There is no plain error if the legal landscape at the time show[s] the issue [i]s disputed." *United States v. Rodriguez-Parra*, 581 F.3d 227, 230 (5th Cir. 2009). There is no controlling authority expressing that the anti-kickback statute requires specific intent to defraud or materiality. Given the absence of

No. 17-20781

law supporting her position, Waller cannot show a clear or obvious error.[1] *See United States v. Segura*, 747 F.3d 323, 330 (5th Cir. 2014).

AFFIRMED.

---

[1] Waller's claim that specific intent to defraud is required for conspiracy fails for the same reason, because "[t]he government must prove the same degree of criminal intent as is necessary for proof of the underlying criminal offense." *See United States v. Dadi*, 235 F.3d 945, 950 (5th Cir. 2000).