# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 19-20647
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
June 1, 2020

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellant

v.

JAMES ROY WHITE, also known as Pumpkin, also known as Derrick Gilford,

Defendant-Appellee

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:99-CR-628-4

Before DAVIS, SMITH, and HIGGINSON, Circuit Judges.

PER CURIAM:*

In 1999, a jury convicted James Roy White of possessing with intent to distribute 50 grams or more of cocaine base and conspiracy to do the same. At sentencing, the district court held White responsible for 510.3 grams of cocaine base and sentenced him under the career offender guideline to concurrent terms of life imprisonment, to be followed by 10 years of supervised release. We affirmed that sentence on direct appeal. *United States v. White*, No. 00-

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 19-20647

20783, 2001 WL 1268751, at *1–2 (5th Cir. Oct. 17, 2001). Subsequently, the district court granted White's motion to be resentenced under the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 (2018), granted him a downward variance, and sentenced him to concurrent terms of imprisonment of 300 months, to be followed by eight years of supervised release.

The Government appeals, arguing that White was ineligible for relief under the First Step Act. Section 404(b) of the First Step Act provides that the district court may "impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 (Public Law 111-220; 124 Stat. 2372) were in effect at the time the covered offense was committed." First Step Act, § 404(b). A "covered offense" is defined as "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010 . . . that was committed before August 3, 2010." *Id.* at § 404(a). The government argues that the amount of cocaine base attributed to White by the district court and this court subjected him to the same statutory penalties prescribed by the Fair Sentencing Act and therefore White's convictions do not qualify as covered offenses eligible for a sentence reduction.

White has moved for summary affirmance, citing this court's opinion in *United States v. Jackson*, 945 F.3d 315 (5th Cir. 2019), *cert. denied*, 2020 WL 1906710 (U.S. Apr. 20, 2020), which states that whether a defendant has a covered offense under the First Step Act does not depend on the specific circumstances of the defendant's violation but is instead based solely on the statute of conviction. *Id.* at 320. The Government admits that its challenge "may be foreclosed by this Court's recent ruling in *Jackson*" but argues that *Jackson* does not *necessarily* foreclose its appeal because the court merely provided "guidance" on what counts as a covered offense in *Jackson*, and here,

unlike in *Jackson*, this court affirmed the district court's drug quantity calculation on direct appeal.

We review the district court's interpretation of the Fair Sentencing Act de novo. *Id.* at 319. Summary affirmance is proper where "the position of one of the parties is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case, or where, as is more frequently the case, the appeal is frivolous." *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969). This court is bound by prior Fifth Circuit decisions until the decision is explicitly or implicitly overruled by the Supreme Court or this court sitting en banc. *United States v. Segura*, 747 F.3d 323, 328 (5th Cir. 2014). The "binding force" of a prior decision encompasses the result and "those portions of the opinion necessary to the result." *Id.* (internal quotation marks and citation omitted).

The question presented in *Jackson* was whether the district court erred in denying relief under the First Step Act. 945 F.3d at 318. To decide that issue, the court first had to determine the applicable standard of review and the analytical framework for evaluating claims for relief under the First Step Act, both of which were issues of first impression. *Id.* at 319. The court determined that "[t]he first inquiry in evaluating a motion under section 404 [of the First Step Act] is whether the defendant has a 'covered offense.'" *Id.* In determining what qualifies as a covered offense under the First Step Act, the court directly addressed arguments the Government had made in this and other cases. *Id.* at 319–20 (citing *United States v. White*, 2019 WL 3228335, at *2 (S.D. Tex. July 17, 2019)). This analysis could have resolved the appeal if the court had determined that Jackson's convictions did not qualify as covered offenses. Therefore, *Jackson*'s discussion of what constitutes a covered offense is binding authority, not "guidance."

No. 19-20647

The government's only attempt to distinguish this case from *Jackson* is to note that here, unlike in *Jackson*, this court affirmed the district court's drug quantity calculation on direct appeal. But "whether a defendant has a 'covered offense' under section 404(a) depends only on the statute under which he was convicted." *Id.* at 320. Therefore, this court's direct appeal analysis is not relevant.

Accordingly, White's motion for summary affirmance is GRANTED, and his motion for an extension of time to file a responsive brief is DENIED as unnecessary. The judgment of the district court is AFFIRMED.