# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

October 26, 2020

Lyle W. Cayce
Clerk

No. 19-30706
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellant/Cross-Appellee*,

*versus*

ROBERT LEE THOMPSON, JR.,

*Defendant—Appellee/Cross-Appellant*.

Appeals from the United States District Court
for the Western District of Louisiana
USDC No. 3:07-CR-30034-1

Before CLEMENT, HIGGINSON, and ENGELHARDT, *Circuit Judges*.
PER CURIAM:*

In 2008, Robert Lee Thompson, Jr., federal prisoner # 66619-179, pleaded guilty to one count of possession with intent to distribute 50 grams or more of cocaine base, and the district court sentenced him to 240 months of imprisonment and a 10-year term of supervised release. In 2019, the

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 19-30706

district court granted Thompson's motion to be resentenced under the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 (2018), and resentenced him to 180 months of imprisonment and an eight-year term of supervised release.

The Government appeals, arguing that Thompson was ineligible for relief because eligibility for a sentence reduction under Section 404 of the First Step Act is based upon the actual offense conduct rather than the statute of conviction. We generally review a district court's ruling on a motion for a sentence reduction under the First Step Act for abuse of discretion. *United States v. Jackson*, 945 F.3d 315, 319 (5th Cir. 2019), *cert. denied*, 2020 WL 1906710 (U.S. Apr. 20, 2020) (No. 19-8036). However, when, as here, the district court's "determination turns on the meaning of a federal statute," our review is de novo. *Jackson*, 945 F.3d at 319 (internal quotation marks and citation omitted).

The Government concedes this argument is foreclosed under our decision in *Jackson* but seeks to preserve the issue for further review. In that case, we held that "whether an offense is 'covered' [under the First Step Act] depends only on the statute under which the defendant was convicted." *Id*. at 320. We are bound by prior Fifth Circuit decisions until the decision is explicitly or implicitly overruled by the Supreme Court or this court sitting en banc. *United States v. Segura*, 747 F.3d 323, 328 (5th Cir. 2014). Accordingly the district court did not err in reducing Thompson's sentence under the First Step Act. *See Jackson*, 945 F.3d at 319-20.

The judgment of the district court is AFFIRMED.