# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
June 21, 2021

Lyle W. Cayce
Clerk

No. 20-11112
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

ROBERT EARL RAMSEUR,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:19-CR-89-1

Before WIENER, SOUTHWICK, and DUNCAN, *Circuit Judges*.

PER CURIAM:*

Robert Earl Ramseur appeals from the sentence imposed following his bench trial conviction for failure to surrender for service of sentence and being a felon in possession of a firearm. The district court sentenced

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 20-11112

Ramseur to a below-guidelines term of 44 months of imprisonment and 3 years of supervised release.

Ramseur first argues that the district court erred by increasing his sentence under U.S.S.G. § 3C1.1 for obstruction of justice without a specific finding that his presentation of false testimony was willful. Because Ramseur did not object to the obstruction adjustment on the same ground he now raises on appeal, we will review this issue for plain error only. *See United States v. Huerta*, 182 F.3d 361, 366 (5th Cir. 1999).

We have held there is a "requirement that the district court find that the defendant 'willfully' obstructed or attempted to obstruct justice." *United States v. Greer*, 158 F.3d 228, 239 (5th Cir. 1998). In this case, the district court found that Ramseur's testimony at his bench trial was not credible and that he "did not tell [the] truth in his testimony." Moreover, the presentence report ("PSR") contained more specific findings, which the district court adopted in its statement of reasons, that Ramseur committed perjury and willfully obstructed justice. We have held that a district court's adoption of the PSR's adequate findings may support an obstruction adjustment. *See United States v. Perez-Solis*, 709 F.3d 453, 469–71 (5th Cir. 2013). In any event, Ramseur cannot show reversible error based solely on the lack of a specific finding by the district court regarding willfulness. *See Huerta*, 182 F.3d at 366.

Ramseur next challenges a special condition for supervised release that the district court imposed. That condition states: "The defendant shall not incur new credit charges or open additional lines of credit without approval of the probation officer unless the probation officer makes a determination that the defendant has fully satisfied the restitution obligation in Case No. 3:16-CR-065-N." The case referenced in this condition involves Ramseur's prior convictions for willfully assisting the preparation of false

income tax returns. *See United States v. Ramseur*, 830 F. App'x 737, 737 (5th Cir. 2020).

For the first time on appeal, Ramseur challenges this condition on the ground that the district court overstepped its bounds by imposing a condition that is contingent on the repayment of restitution in a separate case. Because he did not object on this basis when he had the opportunity to do so at sentencing, we review this challenge for plain error only. *See United States v. Diggles*, 957 F.3d 551, 559–60 (5th Cir.) (*en banc*), *cert. denied*, 141 S. Ct. 825 (2020). The Government acknowledges that the district court's imposition of this condition in reference to another case is not specifically countenanced in U.S.S.G. § 5D1.3(d)(2) (policy statement), but it correctly argues that Ramseur has failed to show reversible error in this regard. Ramseur's lack of authority supporting his challenge fails to establish clear or obvious error. *See United States v. Segura*, 747 F.3d 323, 330 (5th Cir. 2014). Moreover, because Ramseur is subject to this condition in his amended judgment for preparing false tax returns, he cannot show that the imposition of this condition in the instant case affected his substantial rights or merits the exercise of this court's discretion. *See Puckett v. United States*, 556 U.S. 129, 135 (2009).

The district court's judgment is AFFIRMED.