**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

September 11, 2009

Charles R. Fulbruge III
Clerk

No. 09-50154

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

KEENAN MILLER,

Defendant - Appellant

Appeal from the United States United States District Court
for the Western District of Texas, San Antonio Division

Before JOLLY, DeMOSS, and PRADO, Circuit Judges:

PER CURIAM:[*]

Keenan Miller appeals a condition of supervised release. Because of a subsequent modification to the condition, his appeal is moot.

On February 23, 2009, the district court imposed conditions of supervised release, including: "The defendant shall take any properly prescribed medication and continue to take such medication while prescribed by a medical doctor and authorized by his probation officer." Miller appealed.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Miller is prescribed Paliperidone, an antipsychotic medication. He argues that the district court's involuntary medication order violated his rights under the Fourteenth Amendment by failing to afford him due process.

On July 23, the government moved unopposed under Federal Rule of Criminal Procedure 32.1(c) to modify the condition. The next day, the district court granted the motion. The new condition reads:

> With regard to the supervised-release condition requiring the Defendant's participation in mental-health treatment, as administered by the probation office, the Defendant shall take medication when and as prescribed a probation-office-authorized mental-health-treatment provider who is a medical doctor. Any required medication must be reasonably related to the Defendant's mental-health treatment. However, the Defendant's refusal to take antipsychotic or psychotropic medication prescribed by such a treatment provider shall not be a violation of supervised release unless the Court, after affording the Defendant due process, determines and orders that the Defendant shall be compelled to take such medication, and the Defendant thereafter violates the Court's order.

The government notified this Court of the change on July 27 and urges us to consider the appeal moot. Miller replied on August 17, arguing that we should still consider the appeal.

We hold that the new condition of supervised release imposes no obligation on Miller. Instead, it establishes a framework according to which the court may later require Miller to take antipsychotic or psychotropic drugs. Only after a hearing affording Miller due process will he be required to take any medication and potentially face punishment for refusing to comply. Miller's appeal, therefore, is moot.

APPEAL DISMISSED.