# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-51238

United States Court of Appeals
Fifth Circuit

**FILED**
November 25, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

ERIC STEVEN PUTNAM,

Defendant - Appellant

Appeal from the United States District Court
for the Western District of Texas

Before JOLLY, HAYNES, and COSTA, Circuit Judges.

PER CURIAM:

Eric Putnam appeals his 15-year term of supervised release on the grounds that the district court erroneously treated his conviction for failure to register as a sex offender as a "sex offense." He also challenges the special condition of supervised release that prohibits him from consuming alcohol. For the reasons explained below, we VACATE the term of supervised release and REMAND for resentencing.

## I.

Putnam pleaded guilty to failure to register as a sex offender in violation of 18 U.S.C. § 2250. That violation carries a statutory range for supervised release of five years to life. 18 U.S.C. § 3583(k). The Presentence Investigation

No. 14-51238

Report (PSR) calculated the Guidelines range for supervised release the same as the statutory range by treating Putnam's conviction as a sex offense under section 5D1.2(b)(2) of the Guidelines. It also recommended a special condition prohibiting him from consuming alcohol while on supervised release. The district court adopted the PSR and sentenced Putnam to ten months in prison followed by a supervised release term of 15 years with, among other conditions, a condition prohibiting alcohol consumption.

## II.

Because Putnam did not object to either the length of the supervised release term or the alcohol condition in the district court, we review for plain error. *See United States v. Warren*, 720 F.3d 321, 332 (5th Cir. 2013). Putnam therefore must show a plain error that affected his substantial rights. *See United States v. Escalante–Reyes*, 689 F.3d 415, 419 (5th Cir. 2012) (en banc). If he can do so, we have discretion to correct the error only if it seriously affects the fairness, integrity, or public reputation of the proceeding. *See id.*

The government concedes that a plain error occurred with respect to the Guidelines calculation for the length of Putnam's supervised release term. This court has held that failure to register under the Sex Offender Registration and Notification Act does not qualify as a sex offense under section 5D1.2(b)(2) of the Guidelines. *See United States v. Segura*, 747 F.3d 323, 329–31 (5th Cir. 2014). Furthermore, amendments to the Guidelines, which took effect prior to Putnam's sentencing, revised the commentary accompanying section 5D1.2(b)(2) to clarify that failure to register as a sex offender does not constitute a sex offense. U.S. Sentencing Guidelines Manual, Supp. to App'x C, Amend. 786, at 80–82 (U.S. Sentencing Comm'n 2014). The Guidelines

2

No. 14-51238

recommendation for the length of supervised release is thus just five years, rather than the range of five years to life listed in Putnam's PSR.[1]

Putnam has also met his burden of showing that the error affected his substantial rights. He has demonstrated "a reasonable probability that, but for the district court's misapplication of the Guidelines, he would have received a lesser sentence." *See United States v. Mudekunye*, 646 F.3d 281, 289 (5th Cir. 2011) (per curiam). Absent other evidence indicating that the Guidelines range did not influence the sentence, a defendant meets this burden "when (1) the district court mistakenly calculates the wrong Guidelines range, (2) the incorrect range is significantly higher than the true Guidelines range, and (3) the defendant is sentenced within the incorrect range."[2] *Id.* Putnam's case meets all three requirements as the 15-year term of supervised release, which

---

[1] The Guidelines provide that for all offenses the term of supervised release may not be less than the statutory minimum, and that for "sex offenses" the term may be up to life. U.S.S.G. § 5D1.2(b)(2), (c). Thus, if failure to register were a sex offense, the Guidelines range would be five years to life. *See* 18 U.S.C. § 3583(k) (setting minimum supervised release term for a violation of section 2250 at five years).

In contrast, when failure to register is not construed as a sex offense, the recommended range under the Guidelines is determined by reference to the severity of the offense. Failure to register has a ten-year maximum term of imprisonment, *see* 18 U.S.C. § 2250(a), making it a Class C felony. *See* 18 U.S.C. § 3559(a)(3) (classifying an offense with a maximum imprisonment term of at least 10 years but less than 25 years as a Class C felony). Under section 5D1.2(a)(2), the Guidelines recommend a supervised release term lasting between one and three years for a Class C felony. But because this directly conflicts with the statutory minimum, the statutory minimum of five years becomes the Guidelines range under section 5D1.2(c).

[2] The Supreme Court recently granted certiorari the review this court's standard for assessing the "substantial rights" requirement of plain error review. *See United States v. Molina-Martinez*, 588 Fed. App'x 333 (5th Cir. 2014), *cert. granted*, 84 U.S.L.W. 3163 (U.S. Oct. 1, 2015). But that case involves this court's more stringent standard for demonstrating that an error affected the defendant's substantial rights when the defendant was sentenced within the overlap between the incorrect and correct Guidelines ranges. *See* Appellant's Petition for Writ of Cert., *Molina-Martinez v. United States*, No. 14-8913, 2015 WL 5766728 (U.S. Mar. 16, 2015), *available at* http://www.scotusblog.com/wp-content/uploads/2015/10/2015_03_16_Molina-Martinez_Saul_CRTPET.pdf. That standard is not implicated here because Putnam was sentenced outside the correct Guidelines range and thus receives the benefit of the presumption.

3

No. 14-51238

was within the erroneous "five years to life" range, is three times the recommended term under the correct Guidelines calculation.

The Government does not provide much argument that this presumption is rebutted by evidence from the sentencing hearing, although it relies heavily on *Segura* throughout its briefing. In *Segura*, we held that the Government did overcome the presumption that plain error affected the defendant's substantial rights even though he received a lifetime term of supervised release that greatly exceeded the Guidelines range of five years. The additional evidence that persuaded us that the defendant would have received the same term under the correct Guidelines range was the district court's emphasis on the defendant's extensive, three-decade long criminal history involving sexual contact offenses as well as the fact that it did not refer to the Guidelines during sentencing. 747 F.3d at 330–31. In contrast, Putnam has only one prior offense, which did not involve contact, and the district court referred to the low end of the Guidelines range for Putnam's custodial sentence, indicating that it was generally relying on the Guidelines at the sentencing hearing. The record from the sentencing hearing therefore does not rebut the presumption of prejudice that attaches to the term of supervised release that was three times as long as the correct Guidelines range.

That leaves the question whether the plain error affects the fairness, integrity, and reputation of the judicial proceeding. Although this final inquiry is far from automatic when the other requirements for correcting plain error are met, we have often exercised our discretion to correct error when it resulted in a custodial sentence in excess of the correct Guidelines recommendation. *See, e.g.*, *United States v. Hernandez*, 690 F.3d 613, 621–22 (5th Cir. 2012) (exercising discretion to vacate a prison sentence 12 months above the correct Guidelines range); *Mudekunye*, 646 F.3d at 290–91 (same for a 19-month disparity); *United States v. John*, 597 F.3d 263, 285–86 (5th Cir. 2010) (same

for 21-month disparity).  Miscalculation of the Guideline range for a term of supervised release is less common.  But we have recognized that supervised release terms also constitute a substantial restraint on liberty by correcting in the plain error posture statutory errors that substantially affected this aspect of sentencing.  *See, e.g.*, *United States v. Segura*, 61 F. App'x 119, at \*1 (5th Cir. 2003) ("This court will correct overlong terms of supervised release on plain-error review."); *United States v. Cooper*, 274 F.3d 230, 244 (5th Cir. 2001) (correcting an overlong term of supervised release outside the statutory maximum); *United States v. Meshack*, 225 F.3d 556, 578 (5th Cir. 2000) (the same), *amended on reh'g in part on other grounds by* 244 F.3d 367 (5th Cir. 2001).  We thus conclude that the error in Putnam's case that resulted in a supervised release term ten years above the Guidelines range satisfies all the plain error inquiries and exercise our discretion to correct it.[3]

Because we vacate the supervised release term as a result of the error in the Guidelines calculation of its length, we need not reach the question of whether the special condition prohibiting alcohol consumption was also in plain error.  When imposing the new term of supervised release, the district court may again consider the propriety of the alcohol prohibition.

We VACATE Putnam's sentence and REMAND for resentencing consistent with this opinion.

---

[3] After it found that the erroneous Guideline calculation did not substantially affect the defendant's substantial rights, *Segura* also noted that the defendant's "23-year criminal history" and multiple failures to register would have led the court to not exercise its discretion to correct the error.  747 F.3d at 331.  As discussed above, the defendant in this case does not have nearly as extensive a criminal history.