# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-10805
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

May 25, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

LYLE EUGENE WILLIAMS,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:16-CR-7-1

Before KING, DENNIS, and COSTA, Circuit Judges.

PER CURIAM:*

Lyle Eugene Williams appeals the sentence imposed following his guilty plea conviction of destruction of mail. Williams's guideline range of imprisonment was nine to 15 months of imprisonment. The district court upwardly departed pursuant to the policy statement in U.S.S.G. § 4A1.3, p.s., and imposed a sentence of 36 months of imprisonment. The district court also indicated, in its statement of reasons, that the sentence was an upward

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-10805

variance outside the advisory guideline system.  Williams argues that the district court erred by relying on the presentence report's (PSR) factual recitation of his 1982 homicide charge, which was dismissed.  Williams also challenges the substantive reasonableness of his sentence.

It is "well established that prior criminal conduct not resulting in a conviction may be considered by the sentencing judge." *United States v. Lopez-Velasquez*, 526 F.3d 804, 807 (5th Cir. 2008).  Conversely, a district court is not permitted to rely on a "bare arrest record" that refers only to the fact of an arrest and does not include information concerning the fact and circumstances of the conduct resulting in the defendant's arrest.  *United States v. Windless*, 719 F.3d 415, 420 (5th Cir. 2013).  An arrest record is not bare if it includes a factual recitation of the conduct that formed the basis of the arrest and the recitation has a sufficient and reliable evidentiary basis.  *Id.*

Williams's assertion that the district court erred by relying on the PSR's factual recitation of the dismissed 1982 homicide charge is unavailing. Williams contends that the information provided about the arrest fails to establish that he committed the offense and has no indicia of reliability.  On the contrary, the PSR's recitation of facts that led to Williams's homicide arrest is considerably more detailed than a "bare arrest record." *See United States v. Fuentes*, 775 F.3d 213, 220 (5th Cir. 2014).  In discussing the 1982 homicide charge and noting it had been dismissed, the district court impliedly deemed the factual information contained in the PSR sufficiently reliable.  *See Windless*, 719 F.3d at 420.  As the upward departure or variance was based upon evidence of Williams's conduct contained in the PSR and obtained from law enforcement sources, and Williams did not challenge the factual recitations contained in the PSR, Williams has not shown that the upward

2

No. 16-10805

departure or variance was erroneous on this ground. *See Fuentes*, 775 F.3d at 220.

We generally review "the substantive reasonableness of the sentence imposed under an abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 51 (2007). In this case, the departure or variance sentence imposed advances the relevant objectives of 18 U.S.C. § 3553(a)(2), is justified by the facts, and is reasonable. *See id.*, 552 U.S. at 51; *United States v. Zuniga-Peralta*, 442 F.3d 345, 347 (5th Cir. 2006). Given the nature and extent of Williams's criminal history and the deference owed to the district court's sentencing decision, the departure or variance is not unreasonable in extent. *See Zuniga-Peralta*, 442 F.3d at 347-48.

AFFIRMED.