# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-50985

UNITED STATES OF AMERICA,

　　　　Plaintiff - Appellee

v.

RYAN LLOYD SHARTZER, also known as Ryan L. Shartzer, also known as
Justin McCarty,

　　　　Defendant - Appellant

United States Court of Appeals
Fif h Circuit

**FILED**

August 24, 2017

Lyle W. Cayce
Clerk

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:15-CR-181-1

Before STEWART, Chief Judge, and JONES and CLEMENT, Circuit Judges.

PER CURIAM:*

Defendant-Appellant appeals the term of supervised release and three supervised release conditions imposed by the district court. We affirm the term of supervised release and dismiss as moot the three supervised release conditions.

## I.　　Facts & Procedural History

In April 2016, Defendant-Appellant Ryan Lloyd Shartzer pleaded guilty to failure to register as a sex offender, in violation of 18 U.S.C. § 2250(a). The

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

presentence report ("PSR") set forth Shartzer's criminal history leading up to the instant offense.  In 2003, Shartzer, who was fifteen years old at the time, was convicted of aggravated sexual assault in Texas after he and his friend raped Shartzer's eight-year-old sister.  According to the record, Shartzer held his sister down, threatened to tie her up and tape her mouth shut if she screamed, and then raped her.  When Shartzer finished raping his sister, he allowed his friend to enter the room and rape his sister for a second time.

Shartzer was adjudicated delinquent and sentenced to twenty years to be served in the Texas Youth Commission.  This conviction required him to register as a sex offender until 2033 in Texas and for life in California.  In 2009, Shartzer was transferred to the custody of the adult parole division, and in 2014, his parole was revoked.  Shartzer last registered in Texas in November 2011. In 2014, the U.S. Marshals Service located Shartzer in Willows, California where he had lived for at least two years with his girlfriend, with whom he had fathered a child.  When marshals initiated a traffic stop of the truck Shartzer was driving, he provided a Texas driver's license bearing a false name, jumped out of his vehicle, and fled on foot.  He was eventually captured.

Using the 2015 Guidelines, the PSR calculated a Guidelines range of imprisonment of 18 to 24 months based on a total offense level of 13 and a criminal history category of III.  The PSR stated that the statutory range of supervised release was five years to life and that the Guidelines range of supervised release was five years. *See* 18 U.S.C. § 3583(k); U.S.S.G. § 5D1.2(c).

The PSR reflects that in addition to the 2003 aggravated sexual assault adjudication, Shartzer received a juvenile adjudication for criminal mischief in 2001; he was convicted of public lewdness in 2008; and he was convicted again in 2008 for failure to register as a sex offender in Texas.  Additionally, he committed the instant offense of failing to register as a sex offender while on parole.  Shartzer objected to the PSR on a basis not relevant to this appeal.  At

sentencing, the district court stated, "[s]hould the Court apply the sentencing [G]uidelines, the [G]uidelines recommend but do not require imprisonment between 18 to 24 months, supervised release of five years to life, a fine of between $3,000 and $30,000 and a special assessment of $100." Shartzer explained that he is married[1] with a two-year-old child and that he has a job waiting for him in Texas. He requested a sentence of time served and a five-year term of supervised release. The Government requested a Guidelines sentence and a supervised release term of at least fifteen years.

In the context of deciding whether to impose sex offender treatment as a condition of supervised release, the district court asked defense counsel whether Shartzer had received counseling in connection with the underlying sex offense, expressing concern that there was a "deeper psychological issue" because he had "intercourse with [his] own relative." The court remarked that "something deeply troubling happened when he was younger and then he refused to register as a sex offender and then he has had very unstable employment, and so—and now he has got a baby in the house, and just there is a pattern of immaturity and lack of judgment going on." The discussion regarding Shartzer's mental health treatment between the district court and defense counsel continued for a few minutes prior to sentencing.

After adopting the PSR and reviewing the sentencing factors under 18 U.S.C. § 3553(a), the district court imposed a sentence of time served, recognizing that Shartzer was "almost at the low end of the [G]uideline range" of 18 to 24 months.[2] The court then imposed a ten-year term of supervised release. Shartzer did not object to the sentence. With regard to mental health,

---

[1] The record indicates that Shartzer and his wife, Jennifer Blessing, are Wiccan and were married by a "priestess" in California so he is unsure as to whether he is legally married.

[2] The district court noted that Shartzer had already served 17 months in prison at the time of the sentencing hearing.

the district court imposed a condition requiring Shartzer to undergo an initial mental health evaluation with any additional treatment conditioned upon a request for modification by the probation officer.  Shartzer filed this appeal.

## II.     Discussion

On appeal, Shartzer challenges the ten-year term of supervised release and the three special conditions of supervised release imposed by the district court.  We address each issue in turn.

### A. Supervised Release

Shartzer contends that the district court plainly erred by calculating his term of supervised release under the Guidelines as five years to life and by imposing a term of ten years.  Shartzer concedes that his claim is reviewed for plain error for failure to object below.  *See United States v. Segura*, 747 F.3d 323, 327 (5th Cir. 2014). "There are four requirements that must be satisfied to justify reversal under our plain error analysis: (1) there must be an error or deviation from an established legal rule; (2) the error must be clear or obvious and not subject to reasonable dispute; (3) the error affected the defendant's substantial rights; and (4) if the first three requirements are satisfied, the court of appeals retains the discretion to correct the error and will do so only when it 'seriously affect[s] the fairness, integrity or public reputation of judicial proceedings.'" *Id*. (citing *United States v. Escalante-Reyes*, 689 F.3d 415, 419 (5th Cir. 2012) (en banc) (alteration in original) (citation omitted)).  This court may affirm the sentence imposed by the  district court on any ground supported by the record. *United States v. Castaneda-Lozoya*, 812 F.3d 457, 460 (5th Cir. 2016) (citing *United States v. Jackson*, 453 F.3d 302, 308 n.11 (5th Cir. 2006)).

The Government concedes that the correct term of supervised release under the Guidelines is five years.  Here, although the PSR set forth the correct range of five years, the district court recited the incorrect range of five years to life at sentencing and in its statement of reasons.  The Government further

concedes that based on this court's precedent, the district court committed error and that the error was clear and obvious. *See United States v. Brown*, 826 F.3d 835, 839 (5th Cir. 2016) (noting that Government conceded clear or obvious error where the district court sentenced Brown to ten years of supervised release for his failure to register conviction although the correct range was five years); *United States v. Putnam*, 806 F.3d 853, 855–57 (5th Cir. 2015) (vacating and remanding, on plain error review, Putnam's fifteen-year term of supervised release for failure to register where the district court incorrectly calculated the term of supervised release as five years to life); *Segura*, 747 F.3d at 330 (determining that failure to register is not a sex offense and that the Guidelines range for supervised release for that offense is five years). Thus, because he has shown clear or obvious error, the next question is whether Shartzer has shown that the error affected his substantial rights to the extent that this court's exercise of discretion to correct the error is warranted. *Segura*, 747 F.3d at 327.

To show that his substantial rights were affected, a defendant is typically required "to show that the error 'affected the outcome of the district court proceedings.'" *Brown*, 826 F.3d at 838 (quoting *United States v. Mudekunye*, 646 F.3d 281, 289 (5th Cir. 2011)). He can do this by showing "a reasonable probability that, but for the district court's misapplication of the Guidelines, he would have received a lesser sentence." *Id.* at 838–39. "[A] defendant has shown a reasonable probability that he would have received a lesser sentence when (1) the district court mistakenly calculated the wrong Guidelines range, (2) the incorrect range is significantly higher than the true Guidelines range, and (3) the defendant is sentenced within the incorrect range." *Id.* at 839; *see United States v. Martinez-Rodriguez*, 821 F.3d 659, 664 (5th Cir. 2016) (stating that a defendant's substantial rights are affected if he can show "the

application of an incorrect, higher Guidelines range and the sentence he received thereunder").

Here, the district court cited the incorrect Guidelines range of five years to life, rather than five years.  The court then sentenced Shartzer to ten years of supervised release, double the correct Guidelines range.  On these facts, we conclude that Shartzer's substantial rights were affected by the error.  *Brown*, 826 F.3d at 839.

We now turn to the final prong of the plain error analysis to determine whether exercising our discretion to correct the error is warranted under this circuit's applicable precedent.  *Segura*, 747 F.3d at 327.  We do not automatically reverse on the grounds that a plain error affects substantial rights.  *United States v. Torres*, 856 F.3d 1095, 1099 (5th Cir. 2017).  Rather, to correct the error, we must determine that "the error seriously affect[s] the fairness, integrity or public reputation of judicial proceedings."  *Puckett v. United States*, 556 U.S. 129, 135 (2009) (internal quotation marks omitted).  We have explained that "the rule of forfeiture should bend slightly if necessary to prevent a grave injustice."  *Escalante-Reyes*, 689 F.3d at 423.  We do not conclude that the fourth prong is "satisfied simply because the 'plainly' erroneous sentencing [G]uideline range yields a longer sentence than the range . . . we perceive as correct."  *Torres*, 856 F.3d 1099.  Accordingly, we will only exercise our discretion to correct plain errors "in those circumstances in which a miscarriage of justice would otherwise result."  *Id.*

Additionally, this court has acknowledged that it typically declines to correct sentencing errors involving recidivism.  *Martinez-Rodriguez*, 821 F.3d at 666 ("Further, we have declined to exercise our discretion to notice sentencing errors under the fourth prong when these *types* of facts are involved—e.g., recidivistic behavior." (emphasis in original)).

Here, we note that the district court, in imposing Shartzer's supervised release term, stated that it had considered the sentencing factors under 18 U.S.C. § 3553(a), including Shartzer's criminal history. The district court noted Shartzer's recidivistic tendencies in light of his previous 2008 "refus[al] to register as a sex offender." The district court expressed concern that Shartzer "has had very unstable employment," currently has a young child, and has exhibited "a pattern of immaturity and lack of judgment." Presumably this would include Shartzer's decision to carry a false driver's license and flee from law enforcement prior to being apprehended for the current offense which he committed while on parole for the 2003 aggravated sexual assault conviction. Although the district court cited an incorrect Guidelines range of five years to life, it also noted that it was not required to adhere to the Guidelines recommendations and outright rejected Shartzer's explicit request for a five-year term of supervised release. Moreover, the ten-year term of supervised release is well within the statutory term of five years to life. *See* 18 U.S.C. § 3583(k).[3] These factors all cut against a determination that Shartzer would likely have received a lesser sentence absent the district court's misapplication of the Guidelines range. *See Brown*, 826 F.3d 838–39.

Additionally, this court's recent precedent in *Brown* weighs in favor of our declining to correct the sentencing error. In that case, we were presented with a similar set of facts to the ones at hand. *Id*. at 837–38. There the defendant pleaded guilty to failure to register as a sex offender. *Id*. at 838. As happened here, the district court calculated his Guidelines range for supervised release as five years to life and sentenced him to ten years of

---

[3] As the Government points out, this court has on several occasions "refrained from fourth-prong correction of a supervised release term falling within statutory confines." *See United States v. Brown*, 826 F.3d 835, 841 (5th Cir. 2016); *United States v. Segura*, 747 F.3d 323, 331 (5th Cir. 2014); *United States v. Diaz*, 313 F. App'x 735, 737 (5th Cir. 2009).

supervision. *Id.* On appeal, the Government conceded clear or obvious error in connection with the term of supervision. *Id.* at 838–39. This court determined that the ten-year term was significantly higher than the correct range and that the defendant had been sentenced within the incorrect range. *Id.* at 840. Regarding whether Brown would have received an above-Guidelines sentence absent any error, we found that the record showed that the district court intended leniency during sentencing because the court believed the defendant's reasons for failing to register and sentenced him to a below-Guidelines sentence of imprisonment. *Id.* We concluded that the defendant had shown that the ten-year term of supervision affected his substantial rights. *Id.* However, we declined to exercise our discretion to correct the error based on the defendant's extensive criminal history, also noting that the district court had expressed concern over the defendant's unsatisfactory living arrangements and unsettled life. *Id.* at 841.

Although Shartzer appears to take the position that his criminal history is not extensive, we disagree with this assessment. As the PSR reflects, in addition to the very serious 2003 conviction for aggravated sexual assault against his eight-year-old sister, Shartzer has a juvenile adjudication for criminal mischief in 2001, an adult conviction in 2008 for public lewdness, and another 2008 conviction in Texas for failure to register. Moreover, he committed the instant offense while on parole. Further, when he was apprehended for the current offense, he showed a false driver's license to authorities, fled on foot, and had to be captured by law enforcement prior to his arrest. As the district court noted, Shartzer's actions show a consistent pattern of lack of sound judgment and support a conclusion similar to the one we reached in *Brown* wherein we declined to correct the error, noting the concern over the defendant's criminal patterns and history and unsettled life. Additionally, as in *Brown*, the record here reflects that the district court took

issue with Shartzer's current intended living arrangements. The district court indicated at sentencing that Shartzer's intentions to live with his grandmother caused him concern due to the large number of dogs living at her property, a circumstance that the district court deemed to be potentially dangerous to both the probation officer and Shartzer's two-year-old child.

For these reasons, and in light of our analysis of this case under *Brown*, we decline to correct the district court's sentencing error. *See Puckett*, 556 U.S. at 135 (declining to correct sentencing errors that do not "seriously affect[] the fairness, integrity or public reputation of judicial proceedings").[4]

### B. Special Conditions

Shartzer contends that the written judgment should be amended to remove the conditions of supervised release that were not announced at sentencing. In particular, he notes that at sentencing, the district court sustained his objection to a special condition requiring that he participate in a sex offender or mental health treatment program. Instead, the district court agreed at sentencing to impose a condition requiring an initial mental health evaluation with any additional treatment conditioned upon a request for modification by the probation officer. Shartzer complains on appeal that the written judgment contains special conditions requiring sex offender, mental

---

[4] Defendant-Appellant argues that his position is similar to that of the defendant in *Putnam* and thus this court should correct the sentencing error as it did in that case. 806 F.3d at 856–57. We disagree. There, the district court erroneously calculated the supervised release Guidelines range by mistakenly concluding that the defendant's failure to register offense was a sex offense. *Id.* at 855. No such mistake was committed in the instant case, but rather, the district court appears to have merely cited the statutory range in lieu of the Guidelines range. Further, we observed in *Putnam* that the defendant had an extremely minimal criminal history consisting of only one prior offense, not involving contact. *Id.* at 856. As we have thoroughly explained here, Shartzer's recidivism in failing to register, multiple other criminal offenses, and the circumstances under which he was apprehended for the current offense, are certainly not minimal in this regard.

health, and cognitive behavioral treatment, as deemed necessary by the probation officer.

After Shartzer filed his opening brief in this court, the Government filed an unopposed expedited motion to modify supervised release in the district court requesting that the three special conditions at issue be deleted from the written judgment. The district court granted the motion and ordered that the clerk generate an amended judgment reflecting the modifications. Accordingly, because Shartzer has received the relief he requested, his appeal of this issue is moot. *See United States v. Miller*, 343 F. App'x 973, 973–74 (5th Cir. 2009) (determining that the defendant's challenge to a condition of supervised release was moot after the district court granted the Government's motion to modify the judgment to reflect the changes sought by the defendant).

## III.   Conclusion

For the foregoing reasons, we affirm the term of supervised release and dismiss as moot Shartzer's appeal of the supervised release conditions.