# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-50169
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

March 2, 2018

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

RAMON ORTEGA,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 4:16-CR-374-1

Before REAVLEY, PRADO, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Ramon Ortega appeals from the sentence imposed following his guilty plea conviction for aiding and abetting the possession with intent to distribute marijuana. The district court imposed an upward variance to 48 months of imprisonment based on his criminal history, including both convictions and arrests that did not result in convictions.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-50169

On appeal, Ortega argues that the district court erred by relying on (1) bare arrest records regarding his two prior arrests for contempt of court and (2) the factual account underlying his 2013 battery offense, which was ultimately dismissed. Ortega objected to his sentence on the ground that the district court placed too much emphasis on his 2013 battery offense, but he did not reference his prior arrests for contempt of court or challenge the reliability of the information underlying his 2013 battery offense. Because he failed to challenge the district court's reliance on his prior arrests for contempt of court, he failed to preserve that issue for appeal. *See United States v. Neal*, 578 F.3d 270, 272 (5th Cir. 2009). We need not decide whether Ortega has preserved his challenge to the reliability of the information underlying his 2013 battery offense because he has not shown error even under de novo review.

Even if we were to assume that the district court erred by merely mentioning Ortega's two prior arrests for contempt of court before it imposed the above-guidelines sentence, Ortega has not shown that the error affected his substantial rights. *See Puckett v. United States*, 556 U.S. 129, 135 (2009). The district court's stated basis for the upward variance did not include those arrests and instead referenced permissible factors.

The presentence report (PSR) provided factual details for Ortega's 2013 battery offense that included both Ortega's and the victim's accounts of the offense provided to police officers. Ortega did not rebut the PSR's factual description or otherwise demonstrate that the description was unreliable. *See United States v. Harris*, 702 F.3d 226, 230 (5th Cir. 2012). The district court therefore did not err by adopting and considering the PSR's description of Ortega's 2013 battery offense without further inquiry or explanation. *See United States v. Williams*, 689 F. App'x 810, 811 (5th Cir. 2017); *United States v. Fuentes*, 775 F.3d 213, 220 (5th Cir. 2014). Accordingly, Ortega has not

No. 17-50169

shown that the district court committed error, plain or otherwise, in this regard.

During the pendency of this appeal, the district court granted the Government's unopposed motion to modify one of Ortega's special conditions of supervised release in order to conform the written judgment to the oral pronouncement. Ortega's appellate challenges to that special condition are moot in light of that modification. *See United States v. Heredia-Holguin*, 823 F.3d 337, 340 (5th Cir. 2016); *United States v. Miller*, 343 F. App'x 973, 973-74 (5th Cir. 2009).

The judgment of the district court is AFFIRMED.