# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-50666
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

May 29, 2018

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

MANUEL CABEZUELA, JR.,

Defendant - Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:17-CR-364-1

Before BARKSDALE, OWEN, and WILLETT, Circuit Judges.

PER CURIAM:[*]

Manuel Cabezuela, Jr., challenges two components of the written judgment following his two controlled-substances guilty-plea convictions, in violation of 21 U.S.C. §§ 841 and 846: a $500 fine; and a supervised-release condition concerning a halfway house. We lack jurisdiction to consider either challenge.

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

No. 17-50666

Cabezuela pleaded guilty without a plea agreement to the two offenses. The district court imposed concurrent, within-Guidelines sentences of 100 months' imprisonment and four years' supervised release. At sentencing, the court's oral pronouncement of sentence included, *inter alia*: (1) a $500 fine, payable through a payment plan; and (2) a supervised-release condition requiring that, if Cabezuela is released from prison in the El Paso, Texas, area and has no other suitable residence, he is to reside in a halfway house and comply with the facility's terms, conditions, and rules.

Deviating from those statements at sentencing, the written judgment required the $500 fine to be paid immediately. Cabezuela was also required to contribute a portion of his income to the halfway house should he become a resident.

Cabezuela challenges these two deviations between the oral pronouncement at sentencing and the written judgment. "Whether an appeal is moot [or ripe] is a jurisdictional matter, since it implicates the Article III requirement that there be a live case or controversy." *United States v. Ramirez-Gonzalez*, 840 F.3d 240, 243 (5th Cir. 2016) (internal quotation omitted). Questions of mootness and ripeness are reviewed *de novo*. *Id.*; *United States v. Magana*, 837 F.3d 457, 459 (5th Cir. 2016).

Regarding the fine, the district court, during this appeal, granted the Government's unopposed motion to amend the judgment, deleted the requirement that the fine be paid immediately, and established a payment schedule. Therefore, in the amended judgment, the court provided Cabezuela the relief he requested for that issue. Accordingly, it is moot because, obviously, "it [is] impossible for th[is] court to grant any effectual relief" to Cabezuela, *Ramirez-Gonzalez*, 840 F.3d at 244; and his challenge to his $500 fine must be dismissed for lack of subject-matter jurisdiction, *United States v.*

No. 17-50666

*Shartzer*, 705 F. App'x 265, 271 (5th Cir. 2017) (dismissing challenge to supervised-release conditions as moot where deviations in written judgment were deleted in an amended judgment pursuant to an unopposed motion by the Government); *United States v. Miller*, 343 F. App'x 973, 973–74 (5th Cir. 2009) (same).

Concerning the halfway-house condition, Cabezuela's challenge is not ripe. The possibility he will reside in the halfway house and pay a portion of his income while there is too dependent on uncertain future events to be ripe for review; it is impossible to determine if he will be released in the El Paso area, if he will have an alternative place to stay, or if he will have income to contribute to the halfway house. *Magana*, 837 F.3d at 459. Importantly, Cabezuela did not submit a reply brief in response to the Government's position on this point. *See United States v. Stone*, 291 F. App'x 684, 685 (5th Cir. 2008) (appeal dismissed for lack of jurisdiction where appellant did not address jurisdiction in his opening brief and did not file a reply brief). Accordingly, Cabezuela's challenge to this supervised-release condition is not ripe, and must also be dismissed for lack of jurisdiction. *Magana*, 837 F.3d at 459–60.

DISMISSED.