## IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

April 30, 2019

Lyle W. Cayce
Clerk

No. 18-50416

UNITED STATES OF AMERICA,

> Plaintiff - Appellee

v.

RANDY CAMPOS,

> Defendant - Appellant

Appeal from the United States District Court
for the Western District of Texas

Before HAYNES, GRAVES, and HO, Circuit Judges.

HAYNES, Circuit Judge:

Randy Campos appeals the district court's imposition of an eight-year supervised release term based on its conclusion that eight years was the mandatory minimum term. For the reasons set forth below, we REVERSE the district court's imposition of an eight-year supervised release term and REMAND for resentencing to a new term, if any, of supervised release.

## I.    Background

Campos pleaded guilty to conspiracy to distribute and possess with intent to distribute heroin within 1000 feet of a vocational school and college, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B), 846, and 860(a). He was

No. 18-50416

sentenced in July 2014 to sixty months of imprisonment and an eight-year term of supervised release.[1]  Campos's supervision began January 29, 2016.

In May 2016, the probation office reported that Campos had violated the conditions of his supervised release by failing to report to his probation officer as directed, truthfully answer his probation's officer's inquiries, and follow his probation officer's instructions.  The probation officer completed a Violation Worksheet stating that the "[p]eriod of supervised release to be served following release from imprisonment" was "[no less than] 8 years to Life."

After a hearing, the district court revoked Campos's supervised release. It stated that the relevant supervised release term was "not less than eight years up to life."  Campos did not object.  The district court sentenced Campos to nine months of imprisonment and an eight-year term of supervised release. It did not explain its reasons for the eight-year supervised release term.[2]

The statement that Campos was subject to a mandatory minimum term of supervised release in this context was incorrect.  While the minimum supervised release sentence for Campos's underlying drug conviction was eight years, *see* 21 U.S.C. §§ 841(b)(1)(B), 860(a), that floor did not apply to Campos's post-revocation supervised release, *see* 18 U.S.C. § 3583(h) (stating that "[w]hen a term of supervised release is revoked . . . the court *may* include a requirement that the defendant be placed on a term of supervised release after imprisonment" (emphasis added));  U.S.S.G. § 7B1.3(g)(2).    Campos's supervised release was subject only to a *maximum* of "the term of supervised release authorized by statute for the offense that resulted in the original term

---

[1] Campos was subject to an eight-year minimum supervised release term at his original sentencing.  *See* 21 U.S.C. § 841(b)(1)(B) (requiring minimum four-year term of supervised release), § 860(a) (doubling the term provided in § 841).

[2] The district court did order that Campos be placed in a residential reentry center for the first six months of his supervised release term.

No. 18-50416

of supervised release, less any term of imprisonment that was imposed upon revocation of supervised release." 18 U.S.C. § 3583(h); U.S.S.G. § 7B1.3(g)(2). Here, that is a life term less Campos's nine-month post-revocation imprisonment. *See* 18 U.S.C. § 3583(h).

Campos appealed his supervised release sentence.

## II.    Legal Standard

Because Campos did not object to the district court's supervised-release determination, we review his sentence for plain error. *United States v. Putnam*, 806 F.3d 853, 855 (5th Cir. 2015) (per curiam); FED. R. CRIM. P. 52(b). To establish plain error, a petitioner must show: (1) an error, (2) which is "clear or obvious," that (3) "affected [his] substantial rights." *Molina-Martinez v. United States*, 136 S. Ct. 1338, 1343 (2016). A petitioner generally satisfies the third prong by showing "'a reasonable probability that, but for the error,' the outcome of the proceeding would have been different." *Id.* (quoting *United States v. Dominguez Benitez*, 542 U.S. 74, 76 (2004)).

If a petitioner satisfies the first three prongs, we will "exercise [our] discretion to correct the forfeited error if the error 'seriously affects the fairness, integrity or public reputation of judicial proceedings.'" *Molina-Martinez*, 136 S. Ct. at 1343 (quoting *United States v. Olano*, 507 U.S. 725, 736 (1993)). The petitioner bears the burden of showing plain error. *United States v. Huor*, 852 F.3d 392, 398 (5th Cir. 2017).

## III.    Discussion

Campos claims the district court plainly erred when it concluded that eight years was the mandatory minimum supervised release term, when in fact no mandatory minimum existed. The Government essentially concedes that the district court committed a clear or obvious error but contends that Campos has not satisfied the third and fourth prongs of the plain error standard. We

agree that the district court committed an error that was clear or obvious in light of the above statute.  We thus focus on the third and fourth plain error prongs.

To satisfy the third prong, Campos must show that the district court's error "affected [his] substantial rights." *Molina-Martinez*, 136 S. Ct. at 1343. The Supreme Court has stated in the context of a sentencing guidelines error that "[w]hen a defendant is sentenced under an incorrect Guidelines range— whether or not the defendant's ultimate sentence falls within the correct range—the error itself can, and most often will, be sufficient to show a reasonable probability of a different outcome absent the error." *Id.*  Absent "unusual circumstances," a defendant "will not be required to show more." *Id.* at 1347; *see United States v. Sanchez-Arvizu*, 893 F.3d 312, 316 (5th Cir. 2018) ("Where . . . the record is silent as to what the district court might have done had it considered the correct Guidelines range, the court's reliance on an incorrect range in most instances will suffice to show an effect on the defendant's substantial rights.").

Campos does not challenge a sentencing guidelines error; he contests the district court's conclusion that a minimum supervised release term existed. But the logic of *Molina-Martinez* applies with even more force to this mistake. In the sentencing guidelines context, the district court has discretion. *See Molina-Martinez*, 136 S. Ct at 1345.  Here, the district court incorrectly concluded that it *lacked* discretion to go below an eight-year supervised release term, when in fact no minimum supervised release term existed.  *See* 18 U.S.C. § 3583(h); 21 U.S.C. §§ 841(b)(1)(B), 860; U.S.S.G. §7B1.3(g)(2).  The district court gave no explanation for its decision.  The Government argues that the district court merely "reinstated" the original term of supervised release.  But the district court did not say so and, further, did not credit the months already served.  We thus conclude there was "a reasonable probability

of a different outcome absent the error." *Molina-Martinez*, 136 S. Ct. at 1345. Campos has satisfied the third prong.

Because Campos has satisfied the first three prongs of plain error review, we will "exercise [our] discretion to correct the forfeited error if the error 'seriously affects the fairness, integrity or public reputation of judicial proceedings.'" *Molina-Martinez*, 136 S. Ct. at 1343 (quoting *Olano*, 507 U.S. at 736). "In the ordinary case, . . . the failure to correct a plain Guidelines error that affects a defendant's substantial rights" in the context of imprisonment satisfies this requirement. *Rosales-Mireles v. United States*, 138 S. Ct. 1897, 1911 (2018). The Supreme Court has stated:

> The risk of unnecessary deprivation of liberty particularly undermines the fairness, integrity, or public reputation of judicial proceedings in the context of a plain Guidelines error because of the role the district court plays in calculating the range and the relative ease of correcting the error. Unlike "case[s] where trial strategies, in retrospect, might be criticized for leading to a harsher sentence," Guidelines miscalculations ultimately result from judicial error. That was especially so here where the District Court's error . . . was based on a mistake made in the presentence investigation report by the Probation Office, which works on behalf of the District Court.

*Rosales-Mireles*, 138 S. Ct. at 1908 (citation omitted) (quoting *Glover v. United States*, 531 U.S. 198, 204 (2001)).

Although *Rosales-Mireles* involved a prison sentence, not supervised release, "[w]e have recognized that supervised release terms also constitute a substantial restraint on liberty." *Putnam*, 806 F.3d at 856. The logic of *Rosales-Mireles* thus applies here.

The Government offers a final argument that the district court's decision to impose eight years of supervised release was "unquestionably fair" in light of the fact that Campos absconded from supervision almost immediately after being released from prison. It therefore contends that this court may sustain

the supervised release term notwithstanding the district court's error. Whatever the merits of the Government's argument, we cannot assume or infer that it is correct without first confirming that the district court was guided by the circumstances of this case and not its mistaken presumption that a mandatory minimum controlled. This type of error necessarily alters the manner in which the district court approached its decision.

On remand, the district court may be persuaded by arguments the Government makes in support of a long period of supervised release. But it must do so free of the restraint from the non-existent mandatory minimum.

## IV.   Conclusion

For the foregoing reasons, we VACATE the district court's imposition of an eight-year supervised release term and REMAND for resentencing.