# United States Court of Appeals
# for the Fifth Circuit

———————————

No. 22-10824
Summary Calendar

———————————

United States Court of Appeals
Fifth Circuit

**FILED**
May 2, 2023

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Gregory P. Damm,

*Defendant—Appellant*.

———————————————————————————

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:16-CR-4-1

———————————————————————————

Before Jones, Haynes, and Oldham, *Circuit Judges*.

Per Curiam:[*]

Gregory P. Damm challenges the five-year additional term of supervised release imposed upon revocation of his supervised release. *See* 18 U.S.C. § 3583(h). He contends that the district court erroneously believed that the five-year term was the statutorily mandated minimum and that the error affected his substantial rights and, therefore, was not harmless. *See*

———————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 22-10824

*United States v. Campos*, 922 F.3d 686, 688-89 (5th Cir. 2019); *United States v. English*, 400 F.3d 273, 276 (5th Cir. 2005).

A district court commits clear error when it determines that a defendant is subject to a mandatory minimum term of supervised release upon revocation. *Campos*, 922 F.3d at 688-89; *see* § 3583(h). In this case, the district court stated, "I'm constrained by the law and have to give you five years, 60 months, additional supervised release time." In imposing the sentence, the district court again noted that the five-year term was "required by statute." When defense counsel objected and pointed out that § 3583(h) "gives the Court discretion to impose any term that it sees fit," the district court responded, "Then I'll correct myself. I felt that it was reasonable and necessary to give him five years." After defense counsel reiterated the objection to the five-year term of supervised release, the district court provided reasons for imposing the sentence that were based on the nature of the underlying offense, Damm's history and characteristics, and the need to protect the public. *See* 18 U.S.C. § 3553(a). The district court's comments reflect that defense counsel's objections made it aware that it could impose fewer than five years of supervised release but that it believed the circumstances of the case warranted the sentence. *Cf. United States v. Garcia-Ortiz*, 310 F.3d 792, 795 (5th Cir. 2002). Thus, there was no error.

In any event, any error was harmless because the record demonstrates that there was no "reasonable probability of a different outcome absent the error." *Campos*, 922 F.3d at 689 (internal quotation marks and citation omitted); *see English*, 400 F.3d at 276. The district court clearly stated that it would impose a five-year term of supervised release even though the sentence was not mandatory, emphasizing that it believed a five-year supervised release term was appropriate based on the nature of the underlying offense, Damm's history and characteristics, and the need to

protect the public from further criminal behavior by Damm.  *See* § 3553(a); *English*, 400 F.3d at 276.

Given the foregoing, the judgment of the district court is AFFIRMED.