# United States Court of Appeals for the Fifth Circuit

_____

No. 22-10610
Summary Calendar
_____

United States Court of Appeals
Fifth Circuit

**FILED**

May 11, 2023

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Derrick Woodard,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:06-CR-88-7

_____

Before Stewart, Duncan, and Wilson, *Circuit Judges.*

Per Curiam:[*]

Derrick Woodard appeals following the district court's revocation of his supervised release imposed following his conviction of one count of conspiracy to possess with intent to distribute and distribute more than 50 grams of a mixture and substance containing a detectable amount of cocaine base. As an initial matter, although Woodard has been released from custody,

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 22-10610

his appeal is not moot because he is serving a term of supervised release. *See United States v. Vega*, 960 F.3d 669, 672-75 (5th Cir. 2020).

Woodard argues that the district court plainly erred by relying on a mandatory minimum term of supervised release. Because Woodard did not object to the district court's supervised release determination, our review is for plain error. *See United States v. Campos*, 922 F.3d 686, 688 (5th Cir. 2019). To establish plain error, Woodard must show a forfeited error that is "clear or obvious" and that has "affected [his] substantial rights" by "affect[ing] the outcome of the district court proceedings." *Puckett v. United States*, 556 U.S. 129, 135 (2009) (internal quotation marks and citation omitted). If he makes this showing, this court has the discretion to remedy the error but should do so "only if the error seriously affects the fairness, integrity or public reputation of judicial proceedings." *Id.* (internal quotation marks, brackets, and citation omitted).

Section 3583(h) provides that "[w]hen a term of supervised release is revoked and the defendant is required to serve a term of imprisonment," the court may impose an additional term of supervised release that "shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment that was imposed upon revocation of supervised release." 18 U.S.C. § 3583(h). While § 3583(h) provides for a maximum term of supervised release upon revocation, in *Campos*, we held that a district court commits clear or obvious error when it determines that a defendant is subject to a mandatory minimum term of supervised release upon revocation. 922 F.3d at 687-88. Here, unlike the district court in *Campos*, the district court did not announce a minimum term of supervised release to apply upon revocation or otherwise indicate that it lacked discretion to impose a term of supervised release below a certain threshold. Accordingly, Woodard has not

2

shown that the district court committed any error, let alone clear or obvious error. *See Puckett*, 556 U.S. at 135.

Woodard further complains that the petition misstated the term of supervised release attributable to his original conviction because it did not consider the effects of the First Step Act. However, he does not explain how any error amounts to plain error. *See United States v. Ramirez-Velasquez*, 322 F.3d 868, 878-79 (5th Cir. 2003). Thus, he fails to satisfy his burden under the plain error standard. *See Campos*, 922 F.3d at 688. The judgment of the district court is AFFIRMED.

We agree that there is a clerical error in the written judgment for the revocation of his supervised release. The written judgment does not accurately describe the violations that were the basis for the revocation of Woodard's supervised release. Accordingly, we REMAND for correction of the written judgment in accordance with Federal Rule of Criminal Procedure 36.