# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

June 22, 2023

Lyle W. Cayce
Clerk

No. 22-10583

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

RONALD RENE DELEON, JR.,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 5:08-CR-23-1

Before DENNIS, ENGELHARDT, and OLDHAM, *Circuit Judges*.

PER CURIAM:[*]

The district court revoked Ronald Rene Deleon, Jr.'s supervised release and sentenced him to a 24-month term of imprisonment, followed by six years of supervised release. Deleon appeals the supervised release component of his revocation sentence. We affirm.

This case arises from a 2008 conviction. Deleon pled guilty to one methamphetamine-drug-conspiracy count, in violation of 21 U.S.C. §§ 846

---

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

and 841(a)(1). The district court sentenced him to 210 months' imprisonment, followed by six years of supervised release.

In 2014, Deleon filed an 18 U.S.C. § 3582(c)(2) motion requesting that the district court amend his sentence in light of changes to the United States Sentencing Guidelines. In 2016, the district court exercised discretion on Deleon's behalf: it granted his motion and reduced his term of imprisonment to 175 months.

Deleon finished his term of imprisonment and began supervised release in May 2021. But he violated his supervised release conditions within 30 days of release, specifically by using cocaine in June 2021. He tested positive for cocaine again in July 2021.

In September 2021, the district court held a revocation hearing. At the start, the district court told Deleon that "I could have revoked you immediately." Then the court announced that it had decided to give Deleon a second chance. At the close of the hearing the district judge told Deleon "I hope I don't see you again." Deleon replied: "You won't."

But Deleon continued to violate his release conditions, and in February 2022, the Government moved to revoke his supervised release. A magistrate judge ordered that Deleon be held in custody pending another appearance before the district court. In June 2022, the district court saw Deleon again, and sentenced him to 24 months' imprisonment plus a fresh six-year supervised release term.

Today, Deleon appeals the district court's revocation sentence. Specifically, he argues that the district court reversibly erred because it applied a mandatory minimum to his new supervised release term, when no such minimum applied. *See* 18 U.S.C. § 3582(h) (providing that a district court *may*, but need not necessarily, impose supervised release following any imprisonment for revocation of a prior supervised release term).

No. 22-10583

Because Deleon did not object below, he bears the "difficult" burden of showing that he is entitled to relief on plain error review. *United States v. Huor*, 852 F.3d 392, 398 (5th Cir. 2017) (quotation omitted). That, in turn, means "showing (1) that the district court committed an error (2) that is plain and (3) affects his substantial rights and (4) that failure to correct the error would seriously affect the fairness, integrity or public reputation of judicial proceedings." *United States v. Cabello*, 33 F.4th 281, 285 (5th Cir. 2022) (quotation omitted).

We have said that applying a mandatory minimum to a supervised release term following revocation can constitute plain error. *See United States v. Campos*, 922 F.3d 686, 688–89 (5th Cir. 2019). In *Campos*, the district court applied a nonexistent minimum, stating that the supervised release range was "not less than eight years to life" before imposing eight years of supervision. *Id.* at 687.

Here, by contrast, the district court did not apply a mandatory minimum. Instead, relying on a probation officer's report, it said the "maximum" supervised release term was "six years to life, minus any revocation sentence that I impose." That is an important distinction from *Campos* and enough to render any error not "plain." *See United States v. Bishop*, 603 F.3d 279, 280 (5th Cir. 2010).

Nor has Deleon shown prejudice to his substantial rights. We do not infer that the district court's comment affected the district court's actual sentence because the low-end of the court's stated maximum—six years minus the two years of prison time—would have generated a four-year "maximum" term of supervised release. Yet the district court imposed six years of supervised release, which suggests the court's oral reference to a "maximum" supervised-release term was a mere slip of the tongue and did not affect its revocation sentence.

3

In any event, we correct plain error only where it "seriously affects the fairness, integrity or public reputation of judicial proceedings." *United States v. Olano*, 507 U.S. 725, 732 (1993) (quotation omitted). Said differently, relief "is discretionary, and only particularly egregious errors" merit reversal. *Cabello*, 33 F.4th at 285 (quotation omitted). And here, no discretion is warranted. That's primarily because Deleon has already received and abused the benefit of several favorable exercises of federal court discretion. First, the district court granted his § 3582(c) motion and reduced the term applicable to his 2008 conviction; absent that mercy Deleon would have still been incarcerated when the violations giving rise to this proceeding took place. And second, the district court generously declined to imprison Deleon in September 2021, saying that it preferred to "g[ive] this guy another chance." The significant patience the district court has shown toward Deleon precludes us from deciding that our justice system has been unfair to him. Deleon's case thus would fail the fourth prong of plain error review, even if it made it that far.

AFFIRMED.