# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-40861
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

December 27, 2017

Lyle W. Cayce
Clerk

consolidated with 15-40610, 15-40656, 15-40705

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ANSON CHI,

Defendant-Appellant

Appeals from the United States District Court
for the Eastern District of Texas
USDC No. 4:12-CR-155-1

Before DAVIS, CLEMENT and COSTA, Circuit Judges.

PER CURIAM:*

Anson Chi appeals his guilty-plea conviction and 240-month above guidelines-range sentence for possession of an unregistered firearm and malicious use of explosive materials. Chi's motion to file a reply brief out of time is GRANTED.    His remaining motions for sanctions against the

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Government, to strike the Government's brief, and to ship legal property are DENIED.

Proceeding pro se as he did during some of the district court proceedings, Chi argues that he was forced to sign two involuntary plea agreements and that the district court abused its discretion by denying his motion to withdraw guilty plea because of the Government's egregious misconduct in obtaining his tortured confession, the district court's suppression of evidence of the Government's misconduct, the denial of a medical examination that would have proved the Government's misconduct, and standby counsel's ineffectiveness.    The record is not sufficiently developed to consider an ineffective assistance of counsel claim, to the extent Chi seeks to raise such a claim.  *See United States v. Isgar*, 739 F.3d 829, 841 (5th Cir. 2014).

"A defendant does not have an absolute right to withdraw [his] guilty plea," *United States v. Powell*, 354 F.3d 362, 370 (5th Cir. 2003), and has the burden of establishing that "a fair and just reason" required the district court to grant his motion to withdraw his guilty plea, *United States v. Harrison*, 777 F.3d 227, 234 (5th Cir. 2015) (internal quotation marks and citation omitted); *see* FED. R. CRIM. P. 11(d)(2)(B).   A district court's denial of a motion to withdraw a guilty plea is afforded "broad discretion."  *United States v. Carr*, 740 F.2d 339, 344 (5th Cir. 1984) (internal quotation marks and citation omitted).

We look at the totality of circumstances, including whether (1) Chi asserted his innocence, (2) withdrawal would prejudice the Government, (3) Chi delayed in filing his withdrawal motion, (4) withdrawal would substantially inconvenience the court, (5) close assistance of counsel was available, (6) the original plea was knowing and voluntary, and (7) withdrawal would waste judicial resources.  *See Carr*, 740 F.2d at 343-44.  The district

court found that all seven *Carr* factors counted against Chi and that Chi's guilty plea was knowing and voluntary.

We do not reach the close question whether Chi had close assistance of counsel, as the totality of the circumstances show that the district court did not abuse its broad discretion in finding that the remaining *Carr* factors weighed against Chi. *See United States v. Harrison*, 777 F.3d 227, 234 (5th Cir. 2015); *United States v. McKnight*, 570 F.3d 641, 645 (5th Cir. 2009). Chi's plea was knowing, as he was advised of the consequences of his plea with respect to sentencing. *See United States v. Rivera*, 898 F.2d 442, 447 (5th Cir. 1990). In light of Chi's statements at rearraignment, his plea was also voluntary. *See Blackledge v. Allison*, 431 U.S. 63, 74 (1977); *United States v. Clark*, 931 F.2d 292, 295 (1991). Further, Chi did not assert his innocence; he delayed seven months in filing his motion to withdraw guilty plea; and, he pleaded guilty only after the jury was chosen, such that granting his motion to withdraw the plea would have prejudiced the Government and wasted judicial resources. *See Carr*, 740 F.2d at 343-46.

Chi argues that the district court plainly erred when it used statements from his "involuntary/tortured confession" to enhance his sentence under U.S.S.G. § 3A1.4(a) and to upwardly vary from the Guidelines. Section 3A1.4 applies if "the offense is a felony that involved, or was intended to promote, a federal crime of terrorism." § 3A1.4(a); *see United States v. El-Mezain*, 664 F.3d 467, 570 (5th Cir. 2011). As relevant here, a "federal crime of terrorism" is an offense that is (1) "calculated to influence or affect the conduct of government by intimidation or coercion, or to retaliate against government conduct" and (2) is a violation of certain enumerated offenses, including 18 U.S.C. § 844(i). 18 U.S.C. § 2332b(g)(5).

As Chi pleaded guilty to violating an enumerated crime, § 844(i), we understand his argument to be that the district court could not rely on the statements he made to Federal Bureau of Investigation's (FBI) agents to find his offense was "calculated to influence or affect the conduct of government." § 2332b(g)(5). Chi provides no legal authority for his assertion. Moreover, the district court is not limited as to the information it may consider in determining a defendant's sentence. 18 U.S.C. § 3661; U.S.S.G. § 1B1.4. And, it is required to consider, among other things, "the nature and circumstances of the offense." 18 U.S.C. § 3553(a)(1).

Even setting aside Chi's statements to the FBI, other record evidence, including Chi's YouTube video; his website postings; and his letters to Theodore "Ted" Kaczynski, the Unabomber; show that Chi's offense involved conduct that was calculated to influence or affect government conduct by coercion or retaliation. *See* § 2332b(g)(5). The same evidence supports the district court's upward variance, as it goes to the nature and circumstances of Chi's offense. *See* 18 U.S.C. § 3553(a)(1); *United States v. Smith*, 440 F.3d 704, 708 (5th Cir.2006). Chi merely disagrees with the district court's balancing of the § 3553(a) factors and has not provided authority showing that the district court improperly balanced those factors. *See United States v. Segura*, 747 F.3d 323, 327 (5th Cir. 2014).

Finally, Chi's assertion that the district court failed to rule on his three petitions for a writ of mandamus ordering an independent medical examination is not supported by the record.

AFFIRMED.

4