CLD-083                                                          NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 22-3152
_____

ANSON CHI,
                              Appellant

v.

WARDEN MCKEAN FCI
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil Action No. 1-20-cv-00049)
District Judge:  Honorable Susan Paradise Baxter
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
February 2, 2023
Before:  GREENAWAY, Jr., MATEY, and FREEMAN, <u>Circuit Judges</u>

(Opinion filed: May 23, 2023)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Appellant Anson Chi, proceeding pro se, appeals from the District Court's orders dismissing his petition for a writ of habeas corpus under 28 U.S.C. § 2241, and denying his motion for reconsideration under Federal Rule of Civil Procedure 59(e).  For the reasons that follow, we will summarily affirm.

In June 2015, Chi entered a guilty plea in the Eastern District of Texas to offenses related to malicious use of explosive materials and possession of an unregistered firearm.  He was sentenced to 240 months' imprisonment.  Chi did not obtain relief on direct appeal.  See United States v. Chi, 708 F. App'x 184 (5th Cir. 2017).  In October 2019, Chi filed a motion to vacate his sentence under 28 U.S.C. § 2255 in the Eastern District of Texas, raising thirteen claims for relief.  The matter was referred to a Magistrate Judge, who recommended denying relief.  See Chi v. United States, No. 4-19-cv-793, 2021 WL 5260289, at *8 (E.D. Tex. Sept. 1, 2021).  The Eastern District of Texas adopted that recommendation, denied Chi's § 2255 motion, and dismissed his case with prejudice.  See Chi v. United States, 2021 WL 5239600 (E.D. Tex. Nov. 6, 2021).

In March 2020, (five months after Chi had filed his § 2255 motion but before the Eastern District of Texas had ruled on it), Chi filed the present § 2241 petition in the Western District of Pennsylvania, raising the same claims presented in his § 2255 motion.  According to Chi, the Eastern District of Texas "vehemently refuse[d] to consider" his motion which rendered § 2255 an inadequate and ineffective remedy for pursuing his claims.  ECF No. 7 at p. 3.  The Government responded, arguing that the District Court

2

for the Western District of Pennsylvania lacked jurisdiction to consider Chi's petition. The matter was referred to a Magistrate Judge who recommended dismissing the petition for lack of jurisdiction. The District Court adopted that recommendation and dismissed Chi's petition for lack of jurisdiction. Chi filed a Rule 59(e) motion for reconsideration, which the District Court denied. Chi timely appeals. We have jurisdiction under 28 U.S.C. § 1291.

We exercise plenary review over the District Court's legal conclusions and review the District Court's factual findings for clear error. See Cradle v. United States ex rel. Miner, 290 F.3d 536, 538 (3d Cir. 2002) (per curiam). We review the denial of a motion for reconsideration for an abuse of discretion. See Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 673 (3d Cir. 1999). We may summarily affirm a District Court's judgment on any basis supported by the record if the appeal does not raise a substantial question. See I.O.P. 10.6; see also Murray v. Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam).

"Motions pursuant to 28 U.S.C. § 2255 are the presumptive means by which federal prisoners can challenge their convictions or sentences" on constitutional grounds. Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002). Although a petitioner may challenge a conviction pursuant to § 2241 where a § 2255 motion would be "inadequate or ineffective," a § 2255 motion is inadequate or ineffective "only where the petitioner demonstrates that some limitation of scope or procedure would prevent a § 2255

3

proceeding from affording him a full hearing and adjudication of his wrongful detention claim." Cradle, 290 F.3d at 538. This "safety-valve" exception of § 2255(e) is narrow and applies only in rare circumstances, such as when "an intervening change in statutory interpretation runs the risk that an individual was convicted of conduct that is not a crime, and that change in the law applies retroactively in cases on collateral review." See Bruce v. Warden Lewisburg USP, 868 F.3d 170, 179 (3d Cir. 2017). Importantly, however, "[s]ection 2255 is not inadequate or ineffective merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255." Cradle, 290 F.3d at 539.

Here, Chi sought to use his § 2241 petition to relitigate the claims he raised in his § 2255 motion. The fact that the District Court did not rule on his § 2255 motion five months after Chi had filed it does not demonstrate that § 2255 was an inadequate means to test the legality of his detention. Moreover, the Eastern District of Texas has already ruled on Chi's § 2255 motion, which undercuts his argument that the remedy was inadequate. And, the fact that Chi's § 2255 motion was denied does not render § 2255 an inadequate remedy for relief.[1] Cradle, 290 F.3d at 539. Nor did Chi demonstrate that an

---

[1] To the extent that Chi wishes to advance a new claim for relief, he may file an application in the Fifth Circuit for authorization to file a second or successive § 2255 motion in the Eastern District of Texas. See 28 U.S.C. § 2255(a), (h). We express no opinion on the merits of such an application.

intervening change in law rendered § 2255 inadequate to challenge his conviction. While he contended that the Supreme Court's ruling in United States v. Davis[2] announced a new statutory interpretation that would invalidate his conviction, Chi raised the same claim in his § 2255 motion, and it was rejected on the merits. See Chi, 2021 WL 5260289, at *8. And, insofar as Chi contends that he is actually innocent, see C.A. No. 15 at p. 6, he failed to point to a new rule of law that would render the conduct underlying his conviction non-criminal. His claim of innocence is thus inadequate to satisfy § 2255(e)'s narrow safety-valve exception. Accordingly, the District Court for the Western District of Pennsylvania properly dismissed Chi's § 2241 petition for lack of jurisdiction.

Finally, the District Court did not abuse its discretion in denying reconsideration. In his Rule 59(e) motion, Chi argued that the Magistrate Judge "deliberately distorted and misstated" several of his claims for relief, ECF No. 42 at p. 6, and the District Court should have corrected its misapprehension of his claims. Id. at pp. 6-7. (Chi did, however, agree with the Government's interpretation of his claims). In denying the motion, the District Court noted that it found no clear errors or manifest injustices in

---

[2] In that case, the Supreme Court held that the residual clause in 18 U.S.C. § 924(c)(3)(B)'s definition of "crime of violence" was unconstitutionally vague. 139 S. Ct. 2319, 2336 (2019).

dismissing his § 2241 petition, and again explained that Chi had failed to demonstrate that his § 2241 claims satisfied § 2255's safety-valve exception.  <u>See</u> ECF No. 43.

Because this appeal does not present a substantial question, we will summarily affirm the judgment of the District Court.  <u>See</u> 3d Cir. L.A.R. 27.4; IO.P. 10.6.